# Kansas City, Memphis & Birmingham Railroad Co. v. Lackey.

*Action against a Railroad Company to recover Damages for Personal Injuries.*

1. *Pleadings and practice; demurrer to complaint as a whole properly overrruled, where there as some good counts.*—A demurrer to a complaint as a whole which contains two or more counts, is properly overruled, if any one of the counts is good and sufficient.

2. *Same; same.*—Pleas interposed to an entire complaint, which contains two or more counts and which do not answer either one of the counts, are insufficient and demurrable.

3. *Same; contributory negligence no defense to an action founded upon*

[Kansas City, Memphis & Birmingham R. R. Co. v. Lackey.]

*intentional, reckless and wanton misconduct.*— Contributory negligence on the part of plaintiff is no defense to an action wherein the plaintiff charges in his complaint that his injuries were caused by the "reckless, wanton and intentional misconduct" of the defendant, or defendant's servants; and demurrers to pleas attempting to set up contributory negligence in such action are properly sustained.

4. *Action against railroad company; negligence of plaintiff no defense when not the proximate cause of injury; case at bar.*—In an action against a railroad company to recover damages for personal injuries it was shown that the engine on which plaintiff was fireman was stopped some distance from an intersection with defendant's tracks to allow defendant's train to pass, and was started before such train had cleared the intersection, but while it was in motion. When the engine reached the intersection, the train had passed over the crossing, but before clearing it the defendant's train backed suddenly and without signals against the engine, causing the injuries complained of. The engine upon which plaintiff was fireman had gone there to receive cars composing the defendant's train, which were to be transferred upon another track, and neither the plaintiff nor his engineer had any reason to apprehend that the other train would be backed on to the crossing after having cleared it, and there was no occasion therefor, in order to effect the transfer, which was the sole object in crossing the track at that point. *Held:* That the backing of the defendant's train contrary to custom and to the intention of defendant's servants in crossing over the track, and not the starting of the engine forward towards the crossing before the defendant's train had entirely passed over it, was the proximate cause of the collision which resulted in the injury, and that, therefore, pleas which seek to set up the alleged negligence in the moving of the engine upon which the plaintiff was fireman towards the crossing, before it was cleared by the passing train for which the plaintiff was responsible, as the proximate cause of the injury, presents no defense.

5. *Same; negligence of engineer in backing train.*—In an action against a railroad company to recover damages for personal injuries, where it is shown that the injury resulted from the collision between the engine upon which the plaintiff was fireman and the train upon the defendant's road, at the intersection of the defendant's and another track, which was caused by the defendant's train, after having passed over the crossing, being suddenly backed thereon, while the engine was passing, the fact that the defendant's train was backed by its engineer to avoid a collision with a train that was passing in front of it on a second intersecting line, is not sufficient to relieve the defendant of liability; there being evidence that there was enough room between the two intersections to accommodate the defendant's train, and that if due care had been taken in backing the train both dangers would have been avoided.

6. *Same; same; misleading charge.*—In an action against a railroad company to recover damages for personal injuries received at a cross-

ing by a fireman on an engine against which a train was backed by defendant's engineer without warning at an intersection of the tracks, to avoid a collision with a train on a second intersecting track in his front, where there was evidence that there was enough room between the two intersections to safely accommodate defendant's train, and if due care had been used both dangers could have been avoided, a charge which instructs the jury that if the defendant's engineer did not know that the train on the track in front of him was equipped with air brakes, he had the right to assume that they were not so equipped, is misleading, as authorizing the jury to conclude that the defendant was entitled to a verdict if its engineer had the right to assume that the engine in front of him would collide with his unless he backed off of his track, without reference to the inquiry as to whether, under the evidence adduced, he could have placed his train safely between the intersections.

7. *Same; evidence as to facts and circumstances of the collision admissible.*—In an action against a railroad company to recover damages for personal injuries, which were received by the fireman on an engine against which a train was backed by defendant's engineer, to avoid a collision with a train on a second intersection of the track in front, a witness shown to be familiar with the place of the collision and the length of the track between the intersections, and to have known the number of cars in, and the length of, the defendant's train, is competent to testify that there was enough room on the intervening track for defendant's train to stand safely clearing the other tracks in the front and rear, and such evidence is relevant and material.

8. *Same; same.*—In an action against a railroad company to recover damages for personal injuries resulting from a collision at a railroad crossing, where it is shown that the engine owned by another railroad company, and upon which the plaintiff was fireman, had gone to the intersection of that company's road with the defendant's road for the purpose of receiving from the defendant's road certain cars to be transferred, and there was testimony tending to show that in the transfer of cars from the defendant's road to the other road it was not the custom of the engines of the latter road to pull over the crossing where the accident occurred immediately in the rear of defendant's train after it had passed the crossing, but that the engines of the other road would come in on a "cut-off" which formed an angle just there, it is competent to ask a witness, after he had testified to the usual manner of making such transfers, if the engine upon which the plaintiff was fireman had come in on the "cut-off," would not the defendant's train have struck it, if propelled in the manner shown by the evidence at the time of the accident.

9. *Same; when damages not excessive.*—In an action against a railroad company to recover damages for personal injuries, when it is shown that the plaintiff was permanently injured in his head, back, spine and right leg and hip, was unable to work for a long time after

the injuries and was made less able to earn a livelihood, and was caused great pain and suffering in mind and body, a verdict assessing his damages at $2,000, can not be said to be excessive.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This was an action brought by the appellee, Joseph W. Lackey, against the appellant, the Kansas City, Memphis & Birmingham Railroad Company, to recover damages for personal injuries, alleged to have been received by the plaintiff while in the discharge of his duties as fireman on an engine of the Alabama Great Southern Railroad Company, by reason of the negligence of the employé of the defendant company.

The complaint contained six counts. The second count charged wanton, willful and intentional misconduct on the part of the defendant's employés. The court gave the general affirmative charge in favor of the defendant as to this count. The other remaining counts of the complaint were as follows:

First. "The plaintiff claims of the defendant the sum of ten thousand dollars ($10,000) as damages, for that on, to-wit, May 31, 1895, plaintiff being in the employ, as fireman, of the Alabama Great Southern Railroad Company, was in the performance of his duties as such upon a locomotive engine of said last named company, which was engaged in doing switch and transfer work at or near the town of Woodlawn, in said county and State, at a point where the track of said last named company is crossed by the railroad track of the Columbus and Western Railroad Company; and while said engine was being run, by the engineer thereof, across the track of the said Columbus and Western Railroad Company, the said engine was run into and against by an engine and train of cars which were then and there being run over and upon said track of the Columbus and Western Railroad Company, by the servants, agents and employés of the defendant, in control and management of said engine and train of cars, and the plaintiff was knocked down by such collision, and was bruised, mangled and wounded, and made sick and sore, and rendered unable to work for a long time, to-wit, up to the date of this suit; and he was permanently injured thereby in the head and in his back, spine and right leg

[Kansas City, Memphis & Birmingham R. R. Co. v. Lackey.]

and hip, and made less able to earn money by work, and caused great pain and suffering in mind and body. And he was forced to employ a physician to treat and heal him, and pay him a large sum, to-wit, $300. And plaintiff avers that said injuries were caused by the negligence and want of care of the servants, agents and employés of the defendant in the negligent management and control of the said engine and cars which were being run and operated by them at the time on and upon the said track of the Columbus and Western Railroad Company, and which collided with the said locomotive engine upon which plaintiff was then engaged in the discharge of his duties as fireman to the damage of plaintiff, $10,000."

The third, fourth, fifth and sixth counts of the complaint, after allegations as to plaintiff's injuries, and the manner in which they were inflicted. of substantially the same facts as are alleged in the first count, contain the following averments of negligence:

Third count. "And plaintiff avers that said injuries were caused by the negligence and carelessness of the agents, servants and employés of defendant in charge of and having the management and control of the engine and cars of defendant, in negligently running and propelling the same onto and against the engine upon which plaintiff was then engaged in the performance of his duties as aforesaid."

Fourth count. "And plaintiff avers that said injuries were caused by the carelessness and negligence of the servants, agents and employés of defendant having the management and control of its said engine and cars, in negligently and without proper care running the same onto and against the engine on which plaintiff was riding as aforesaid, while crossing said track, to the damage of plaintiff in said sum of $10,000."

Fifth count. "And the plaintiff avers that before attempting to cross the track of the said Alabama Great Southern Railroad Company, as aforesaid, at that time, the engineer, conductor, servants and employés of defendant failed to cause said engine and cars of defendant under their management and control, as aforesaid, to come to a full stop within one hundred (100) feet of such crossing, and not to proceed until they knew the

said way over the same was clear, by reason whereof plaintiff was injured as aforesaid."

Sixth count. "And the plaintiff avers that said injuries were caused by reason of the carelessness and negligence of the servants and employés of defendant having the management and control of the engine and cars, so run and operated by defendant, in crossing the said Alabama Great Southern Railroad Company's track, without first giving to plaintiff signal or notice that said engine and cars were about to cross the said track."

The defendant filed demurrers to the complaint upon the following grounds : 1. The allegations of said complaint do not show that the defendant omitted or violated any duty it owed the plaintiff in the premises. 2. The allegations of negligence in said complaint are but conclusions ; the acts or omissions constituting such alleged negligence not being stated or enumerated. 3. The acts or omissions relied on by the plaintiff for a recovery in said complaint are not stated with sufficient certainty. 4. The allegations of carelessness and negligence in said complaint show the omission or violation of no duty which the defendant owed the plaintiff in the premises. The court overruled the demurrers to the complaint, and the defendant filed the following pleas :

Pleas numbered 1, 2 and 3, present the general issue. Pleas numbered 4, 5 and 6, respectively, after alleging : "That the plaintiff himself was guilty of negligence that proximately contributed to his alleged injury in this," set out the manner in which plaintiff was negligent by the following averments :

Fourth. "That the engine upon which plaintiff was a fireman, at the time, was run and moved forward toward the crossing of the Alabama Great Southern and the Columbus and Western Railroads, before it was known that the said crossing and the way there was clear, or that the said crossing was unoccupied."

Fifth. "That the engineer in charge of the engine upon which the plaintiff was a fireman, at the time, run and moved said engine forward towards said crossing before it was known that said crossing and the way there was clear."

Sixth. "That the engineer in charge of the engine upon which the plaintiff was riding, at the time, as a fireman, run and moved said engine, without objection

or protest on the part of the plaintiff, towards said crossing, when the plaintiff knew that the said crossing and the way there was not clear, and when the plaintiff knew that the said crossing was, at the time, occupied by the defendant's train."

The facts of the case showing the circumstances of the accident are sufficiently set forth in the opinion.

The testimony for the defendant tended to show that, in the transfer of cars from the defendant railroad to the Alabama Great Southern Railroad, it was not the custom of the engines of the latter road to pull over the crossing where the accident occurred immediately in the rear of the defendant's train after it had passed the crossing; but that the defendant's train would pull up upon the crossing, and the Alabama Great Southern engine would then come in on the cut-off, which formed an angle just there, and in this way come to the rear of the defendant's train, and connect with the cars.

On the cross examination by plaintiff of B. L. Adams, who was fireman on the defendant's engine which collided with the engine of the Alabama Great Southern Railroad, and after he had testified to the usual manner of making these transfers as stated above, he was asked the following question: "If the Alabama Great Southern engine, standing near the switch, had run in that cut-off and come in behind that Kansas City, Memphis and Birmingham engine and train, and that Kansas City, Memphis and Birmingham train, had backed, would not it have struck that engine?" The defendant objected to this question, on the ground that it called for immaterial, irrelevant and incompetent testimony; which objection the court overruled, and the defendant excepted. Witness answered: "It would not have struck anything but the pilot." Witness was asked the following question: "You would have struck it, wouldn't you?" The defendant objected to this question, on the ground that it called for immaterial, irrelevant and incompetent testimony; which objection the court overruled, and the defendant excepted. Witness answered: "No, sir; we had got clear enough for him to come up there."

Upon the request of the plaintiff, the court gave to the jury the following written charges: (1.) "If you believe from the evidence in this case that the plaintiff

himself was not guilty of negligence nor misconduct which proximately contributed to his injury, and that the engineer of the defendant corporation was guilty of negligence which resulted in injury to the plaintiff, the plaintiff is entitled to recover, even should you believe that Carter Phillips, the engineer on the engine that plaintiff was on when plaintiff was hurt, if you believe from the evidence that plaintiff was hurt." (2.) "The negligence of Carter Phillips, the engineer on same engine with plaintiff, if you believe that he was guilty of negligence, which contributed proximately to the injury of plaintiff, would not prevent a recovery by plaintiff, unless you believe further from the evidence that the plaintiff was also guilty of negligence which contributed proximately to his injury." (3.) "If you believe from the evidence that the defendant's engineer in charge of its train, just preceding the injury to plaintiff—if you believe he was injured—negligently ran his train and placed his engine in a perilous position, as respects the train on the Georgia Pacific railroad track, when, by proper care and watchfulness, he could have avoided such peril, and that he then ran his train back and against the engine on which the plaintiff was then riding and injured him, knowing, or having reason to believe, that he was in a perilous position, plaintiff is entitled to recover." The defendant separately excepted to the court's refusal to give each of the following charges requested by it: (2.) "It was not necessary, in this case, that danger actually existed; but, if the circumstances were such as would indicate to a reasonably prudent man that the engineer was in danger, and the engineer acted under such a mistaken fear of danger, then, I charge you that your verdict must be for the defendant." (3.) "If you believe from the evidence that the defendant's engineer did not know that the Georgia Pacific cars were equipped with air brakes, I charge you that he had a right to presume that they were not so equipped." (6.) "If you believe from the evidence that the engineer, Phillips, started his engine toward the crossing from the place where the engine was standing, while some part of the defendant's train was going over the crossing, then I charge you that said Phillips was guilty of negligence in starting his engine at such time; and, if you believe from the evidence that the plaintiff

was injured because of such negligence on the part of the said Phillips, then you must find for the defendant." (7.) "If you believe that the engineer in charge of the Kansas City train believed, and that the circumstances were such as to cause a reasonably prudent man to believe, that he was in danger of a collision with the Georgia Pacific train, and that, in reversing his engine, he acted under such belief, then, I charge you that your verdict must be for the defendant." (8.) "It was the duty of the engineer, Phillips, not to proceed with his engine, from the place where the engine was standing, until he knew that the crossing was clear; and I charge you that the fact that the crossing was not in fact occupied by the defendant's train at the time said Phillips started his said engine towards the crossing, would not, of itself and alone, show the crossing to be clear at such time." (9.) "If you believe from the evidence that the engineer Phillips started his engine towards the crossing, from the place where his engine was standing, while some part of the defendant's train was going over the crossing, then, I charge you that said Phillips was guilty of negligence in starting his engine at such time; and, if you believe from the evidence that the plaintiff was injured, alone because of such negligence, on the part of said Phillips, then you must find for the defendant." (10.) "I charge you, gentlemen of the jury, that it was the duty of the engineer on the Alabama Great Southern engine not to proceed with his engine until he knew that the crossing was clear." (11.) "If you believe from the evidence that the engineer, Phillips, started his engine towards the crossing from the place where his engine was standing, while some part of the defendant's train was going over the crossing, then, I charge you that said Phillips was guilty of negligence in starting his engine at such time."

The 1st, 4th, 5th, 12th, 13th and 14th charges of the defendant's series were the general affirmative charge on the whole of the complaint, and on the 1st, 3d, 4th, 5th and 6th counts thereof. Each of these charges were refused, and the defendant separately excepted to the refusal of each.

There were verdict and judgment assessing the plaintiff's damages at $2,000. The defendant moved the court to grant it a new trial upon many grounds, one of

[Kansas City, Memphis & Birmingham R. R. Co. v. Lackey.]

which was, that the damages assessed by the jury were excessive. The court overruled the motion, and to this ruling the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, PORTER & WALKER, for appellant.—1. The court should have sustained the demurrers to the whole complaint, and to each of the counts. The principle has been repeatedly re-affirmed in this State, and it seems to be well settled that when the gravaman of an action is an omission to do or perform an act, the complainant must allege that the omission was negligence. *Leach v. Bush*, 57 Ala. 145 ; *M. & O. R. R. Co. v. George*, 95 Ala. 199 ; *Ensley Railway Co. v. Chewning*, 93 Ala. 24.

2. The court ought not to have sustained the demurrers to plea number 4, nor to plea number 5. Both the engineer and fireman of a locomotive engine have duties to perform in and about the running, management and control of their engines. Among these duties is that of ascertaining that a crossing of another railroad is clear before moving over it, and a fireman is guilty of contributory negligence who allows his engine to be moved toward an occupied crossing. The court ought not to have sustained the demurrers to the sixth plea. This plea certainly sets up negligence on the part of appellee, which, if sustained by the evidence, would have defeated his recovery.—*Brown v. L. & N. R. R. Co.*, 111 Ala. 272.

WILLIAM VAUGHAN, *contra*.

McCLELLAN, J. — The complaint contained six counts. A demurrer, assigning several grounds, was interposed to the complaint as a whole. Some of the counts are obviously good : indeed it is not insisted by appellant that any of them are bad except the fifth. On this State of case the demurrer was properly overruled even though the fifth count was bad.—*Weems v. Weems*, 69 Ala. 104.

The 4th, 5th and 6th pleas were interposed to the whole complaint. They attempted to set up contributory negligence on the part of the plaintiff, or on the part of the engineer in charge of the locomotive on which

11

plaintiff was at the time he sustained the injuries complained of, assuming that plaintiff was responsible therefor. Whatever else may be said of these pleas, it is certain that they do not answer the count which avers that the "injuries were caused by the reckless, wanton and intentional misconduct" of defendant's servants, &c.; and this consideration alone will suffice to justify the trial court's action in sustaining a demurrer to these pleas.

Moreover, the gist of each of these pleas is that the plaintiff, or a person for whose acts he is assumed to have been responsible, caused the engine to be run *towards* the crossing of another railroad without knowing that the crossing was clear, or knowing that it was not clear. Granting this to be true, on the case fully developed by the testimony it appears without conflict or adverse inference that the injury did not result from the fact thus alleged. This was the situation : Phillips was the engineer and plaintiff was fireman on an engine of the Alabama Great Southern Railroad, and in these capacities came on their engine just before the collision occurred to within sixty or seventy feet of the point where the track of another railroad company crossed that of the Alabama Great Southern Co., and there stopped. At this time defendant's train was standing on the other track a short distance from the crossing, while the cars composing it were being inspected for the purpose of being transferred to the Alabama Great Southern Co. Phillips, with his engine and crew, was there to receive these cars. To effect the transfer it was necessary for defendant's train to pass over and beyond the crossing. After the inspection had been completed defendant's train did pass over the crossing and after this the Alabama Great Southern engine went onto the crossing, but before clearing it the defendant's train backed suddenly and without signals against it, causing the injuries complained of. Phillips and plaintiff had no reason to apprehend that the other train would be backed onto the crossing; there was no occasion that it should be to effect the transfer which was the sole object in crossing the track of the Alabama Great Southern road. Now it may be that when Phillips' engine was started or moved forward toward the crossing the rear part of defendant's train was still upon it, so that the

crossing at that time was not clear or free from obstruction ; but, if so, it was rapidly passing and had entirely passed, leaving the crossing clear, before Phillips' engine reached it.  For Phillips to move his engine forward in anticipation of defendant's train, at the time in motion over the crossing, getting past the crossing and leaving it unobstructed by the time his engine reached it, he knowing that it was the purpose of defendant's servants to go on to a point beyond the crossing and there stop, might possibly be regarded in some aspect negligence on his part, inasmuch as defendant's train might have been stopped by some unforeseen accident before it cleared the crossing.  But, conceding such conduct on the part of Phillips to have been negligent abstractly speaking, nothing is clearer than that such negligence was not the proximate cause of the disaster.  Defendant's train was not stopped on the crossing, there was no reason that it should be, and no intention on the part of defendant's servants to stop it there.  The crossing was clear and unobstructed when Phillips' engine reached it, and but for a wholly fortuitous and unlooked for circumstance would have remained so while he was passing over it, and for all time so far as that train of defendant was concerned.  This circumstance was that the engineer on defendant's train, after he had fully cleared the crossing, apprehending a collision with a train on another track which he was about to cross or run upon, and the approach of which was unknown to plaintiff and Phillips when the latter moved his engine onto the crossing, suddenly reversed his engine, gave it steam and backed his train onto the crossing where Phillips and plaintiff were at the time passing on his engine.  It is manifest on these facts that the cause of the collision lay not in the fact that Phillips moved his engine forward toward the crossing before defendant's train had entirely passed over it, but altogether in the wholly independent, disconnected and unanticipated fact that defendant's train was thus again thrown back on the crossing, a fact which was contrary to custom, and to the intention of defendant's servants in crossing over, and not only unnecessary to the accomplishment of the purpose for which it had passed the crossing, but subversive of that purpose ; and one which neither Phillips nor the plaintiff was under any duty to anticipate.  On this uncontro-

verted state of case, it requires no argument to demonstrate that the injury did not result from any obstruction that may have been on the crossing when plaintiff's engine was moved forward, that defendant could take nothing by its pleas setting up such obstruction and Phillips' and plaintiff's knowledge and negligence in respect of it, and that the trial court's action in sustaining the demurrer to pleas 4, 5 and 6 worked no possible injury to the defendant.

It is equally clear, and for the same reasons, that the charges given at the request of the plaintiff could not have prejudiced the defendant, since they are to this effect only, that the negligence of Phillips does not bar plaintiff's recovery. Now, whether plaintiff would have been chargeable with Phillips' negligence, had it proximately contributed to the injury, is a question we need not and do not decide in this case; but his recovery is not precluded by the only negligence of Phillips which there is any tendency of testimony to prove is clear, for that such negligence did not *proximately* contribute to the damnifying result.

Similarly charges 6, 8, 9, 10 and 11 refused to the defendant relate to the supposed negligence of Phillips or the plaintiff in respect of moving their engine toward or upon the crossing. If there was such negligence, the remoteness of its casual connection with the injury rendered it an irrelevant and immaterial matter in the case; and the court committed no error in refusing these requests for instructions.

It may be that defendant's engineer was justified, by the apprehension of collision in front, in backing his engine off the track of the Georgia Pacific road; but there was abundant evidence to afford an interference on the part of the jury that he might have escaped the danger in front, and at the same time have avoided a collision in the rear, by the exercise of due care and prudence in the manner of backing his train. The evidence showed that there was room on defendant's track between the Alabama Great Southern and the Georgia Pacific tracks to amply accommodate this train, safely clearing said tracks at either end. Conceding, therefore, the right of defendant's engineer to reverse his engine and back his train when he saw the Georgia Pacific train approaching, so as to recede from its track, it by

no means follows that defendant was entitled to a verdict, as it sought to have the jury instructed by charges 2 and 7; and the court properly refused those instructions.

Charge 3 refused to the defendant was in the nature of an argument, to the effect that inasmuch as the evidence tends to show that some freight trains are equipped with air brakes and some are not, that trains equipped with air brakes can be stopped in much less time and space than others, and that defendant's engineer did not know whether the Georgia Pacific train was so equipped or not, therefore he had a right to presume that said train was not so equipped, and that, acting upon that presumption he was not negligent in reversing his engine in order to escape a collision of which there was danger if that train had hand brakes only, though as matter of fact it was equipped with air brakes so that no danger of a collision really existed. All this was apt argument to the jury, but it was for counsel and not the court to lay it before them.

The instruction, moreover, tended to mislead the jury from a consideration of the evidence tending to show that although the defendant's engineer had a right to back his train, he was careless and negligent in the manner of exercising this right, and to the conclusion that defendant was entitled to a verdict if its engineer had a right to assume that the Georgia Pacific train would collide with his unless he backed off its track, without reference to the inquiry whether he should have placed his train safely between the Alabama Great Southern and the Georgia Pacific tracks. The charge was properly refused.

There being evidence of negligence on the part of defendant's servants having an immediate causal connection with the injury, and the defense of contributory negligence not being made good, the court very properly refused the affirmative charges asked by the defendant on the whole complaint and separately on the 1st, 3d, 4th, 5th and 6th counts thereof.

The witness, Phillips, was shown to be familiar with the scene of the collision and the length &c., of the track between the Alabama Great Southern road and the Georgia Pacific road, and he is shown also to have known the number of cars in the length of defendant's train

[Garner v. Hall & Farley.]

which collided with his engine. It was competent for him to testify that there was room on that intervening track for defendant's train to stand, clearing the other tracks front and rear.

We do not think the question to witness Adams, to which objection was made, called for irrelevant and incompetent testimony in view of defendant's efforts to prove that the Alabama Great Southern engine should have "come in on the cut-off." Certainly defendant was not prejudiced by the answer finally made.

We do not feel authorized to disturb the verdict on the supposed ground that it is excessive.—*A. G. S. R. R. Co. v. Bailey,* 112 Ala. 167.

Affirmed.