## THE NORWALK HEATING AND LIGHTING COMPANY *vs.* LAVINIA B. VERNAM ET AL.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The erection and maintenance of a structure which projects over but does not touch the land of the adjoining proprietor, while an invasion of his legal right, which, if continued long enough under a claim of right, might ripen into an easement, is not an ouster of possession.

The adjoining proprietor may remove the projection himself, or apply for a mandatory injunction against its further wrongful continuance.

The absence of a direct assertion of right by the defendant to build and

maintain the structure, is not a bar to the injunction suit, since such assertion is necessarily inferred from his acts.

Argued April 17th—decided June 10th, 1903.

SUIT for an injunction and other equitable relief, and for damages, on account of a structure projecting over the plaintiff's land, constructed by the defendants on their land adjoining; brought to the Court of Common Pleas for Fairfield County by appeal from the Town Court of Norwalk, and tried to the court, *Curtis, J.* Judgment that the defendants remove the structure, and appeal by them. *No error.*

*Levi Warner,* for the appellants (defendants).

*J. Belden Hurlbutt,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff owns certain land, which is substantially covered by the waters of the Norwalk River. The defendants own adjoining land on the river bank, having a brick building upon it extending to the boundary line. To this building they have attached a wooden structure, supported by beams resting on its foundation walls, which is ten feet wide and nineteen feet deep, and projects over the plaintiff's land without touching it. The plaintiff's title rests on a conveyance made after this structure was completed. It has requested the defendants, who are occupying it by tenants as part of a store, to remove it, and they have refused. It desires to build on its premises, and this structure prevents it from doing so, and interferes with its use of its land.

The complaint states substantially this case, and has been found true.

It is contended that the conveyance to the plaintiff was void, because given when its grantor was ousted of possession. General Statutes, Rev. 1902, § 4042. The Court of Common Pleas properly held that the possession of the projecting structure at that time by the defendants was no interference with the possession by the plaintiff's grantor of the

premises over which it projected. The construction and maintenance of such a structure, like the construction and maintenance upon a house of eaves overhanging another's land, is an invasion of right, but not an ouster of possession. *Randall* v. *Sanderson*, 111 Mass. 114. The possession of the adjoining proprietor remains unaffected, except that it is rendered less beneficial. The possession and occupancy of the projecting structure has no effect on the ownership of the soil beneath, unless it be maintained under a claim of right for fifteen years, and so should ripen into a perpetual easement.

It follows that equitable relief was properly claimed and granted. While the plaintiff might have itself removed the nuisance, without appealing to the courts, it was not restricted to reliance upon self-help. Nor had it only a right of action for damages. An injunction might originally have been brought by the plaintiff's grantor to prevent the construction of the projection. This not having been done, the plaintiff could ask for a mandatory injunction to prevent its wrongful continuance.

It is found that the defendants made this addition to their building without knowing that they had a right to do so, and in order to provoke a determination of that question by legal proceedings. While this absence of a direct claim of right might be material, were the question one as to their having gained an easement by an adverse user for fifteen years, it does not affect the plaintiff's cause of action in this proceeding. They cannot defend on the ground that they did not in fact make a claim which it would be naturally inferred from their acts that they were making.

There is no merit in the exceptions taken to the finding. There is no error.

In this opinion the other judges concurred.