# Wagner *v.* King, Appellant.

*Equity—Mistake as to location of wall—Injunction—Trespass—Bill—Cross bill.*

1. Where the plaintiff in a bill in equity prays for an injunction to restrain the defendant from interfering with a wall, and the defendant in a cross bill prays for a mandatory injunction to compel the plaintiff to remove the wall, and the court finds as a fact that the defendant had licensed the plaintiff to build the wall along the division line on defendant's ground, but that the plaintiff by mistake had erected the wall so that a portion of it encroached over the line designated by the defendant, the court will enter a decree on the cross bill so as to require the wall to be so moved or reconstructed that it shall conform to the line contemplated by the agreement between the parties.    In such a case the court will not require it to be wholly removed from the defendant's premises, and wholly reconstructed on those of the plaintiff.

2. The fact that the plaintiff in the bill filed a disclaimer to the strip of land on which the wall encroached does not put the defendant in the possession or enjoyment of his property, nor secure to him the incidents of ownership to which, both in law and equity, he is entitled. It is therefore proper that so much of the wall as encroached over the line agreed upon should be removed.

Argued May 7, 1909.  Appeal, No. 207, April T., 1909, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1908, No. 356, on bill in equity and dismissing cross bill in case of John Wagner v. I. K. King.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ.  Reversed.

Bill in equity for an injunction to restrain the defendant from interfering with or removing a wall.

The defendant filed a cross bill praying for a mandatory injunction to compel the plaintiff to remove the wall and to erect a new wall wholly on his own ground to support defendant's soil.

FRAZER, P. J., found the facts to be as follows:

1. Plaintiff and defendant are owners of adjoining lots situate on Southern avenue in the borough of Mount Oliver; plaintiff's lot having a frontage of thirty feet five inches on that avenue and extending back 120 feet to Locust street; defendant's lot having a frontage of fifty-nine and one-half feet and extending back 120 feet to Locust street.

2. During the year 1907, plaintiff erected in his lot a three-story brick dwelling, with storeroom on the first floor, which he occupies with his family and carries on the hardware business, the building having a frontage or width of twenty-seven feet and extending back sixty-three feet.

3. About the time the erection of the building was commenced, or shortly thereafter, plaintiff secured defendant's consent to erect a wall upon defendant's lot adjoining the division line between their properties for the purpose of retaining in place the soil of defendant's lot, which was higher than plaintiff's, and also affording plaintiff the full use as a passageway the three and one-half feet of his lot unbuilt upon.  Nothing was said as to the character of the wall, except that it should be of sufficient height to retain "that bank."

4. The wall was erected by plaintiff in the fall of 1907 at a cost of $110.  It is about eighty-three and one-half feet in length and is entirely on defendant's lot.  While the understanding between the parties was that the wall should be built along the division line between the properties, its location is

three and three-fourths inches beyond that line at the line of the street and seven and three-fourths inches beyond at the rear end thereof.

5. The rear of defendant's lot adjoining plaintiff's line is fitted up for a tennis court, and until this summer has been used as such since the summer of 1902 by defendant and his friends.

6. The wall at the rear end is not of sufficient height to support the corner of the tennis court adjoining it, and as a result of plaintiff's excavating his lot to a level with Southern avenue and the want of support along his line, the bank at that point has fallen away, causing quite a depression in the surface, making the same uneven and rendering the court unfit for tennis playing. In erecting the wall plaintiff's contractor also took down from the side of the court adjoining plaintiff's lot, the wire netting placed there by defendant for the purpose of preventing balls from being knocked beyond the court.

7. At the time plaintiff secured defendant's consent to erect the wall, it was understood and agreed between them that the wall should belong to defendant and might be used by him or removed whenever the improvement of his lot made such removal necessary.

8. The wall as constructed is of sufficient height to retain in place the front part of defendant's lot, but is not of sufficient height at the rear to support the front portion of the defendant's court adjoining plaintiff.

The court entered the following decree:

And now, to wit, April 13, 1909, it appearing to the court that the plaintiff has reconstructed the wall at the rear end thereof, erected by him on defendant's land, so as to afford sufficient support for the bank of the tennis court, and that said tennis court has been placed in as good condition as it was before the wall was built, and further, that the plaintiff has filed in court a stipulation or disclaimer in writing that no right or interest is to be acquired by him in the land occupied by the wall and the strip outside of it by user or otherwise, except as covered by the oral consent under which the wall was erected, it is hereby ordered and decreed that the preliminary injunction restraining the defendant from interfering with or removing

the wall be continued until such time as the improvement of defendant's lot may make such removal necessary. It is further ordered and decreed that the cross bill be dismissed and the mandatory injunction as prayed for refused. All costs to be paid by plaintiff.

*Error assigned,* inter alia, was the decree of the court, quoting it.

*Ernest C. Irwin,* for appellant.—Where a license is given to use or occupy certain property, it protects the licensee in the use or possession of that property only if, and so long as, the conditions under which it is granted are observed by the licensee. If he fails to observe those conditions, the license will not protect him and he becomes a trespasser: Freeman v. Headley, 33 N. J. L. 523; Mumford v. Whitney, 15 Wend. (N. Y.) 380; Dempsey v. Kipp, 62 Barb. (N. Y.) 311; Augusta, etc., R. R. Co. v. R. R. Co., 96 Ga. 562 (23 S. E. Repr. 501). ·

Injunction relief may be granted on a cross bill: Atlanta Mills v. Mason, 120 Mass. 244; Van Bibber v. Hilton, 84 Cal. 585 (24 Pac. Repr. 308); Kaegebein v. Higglie, 51 Ill. App. 538.

Where a party unlawfully takes possession of another's land the courts invariably grant relief on mandatory injunction: Pile v. Pedrick, 167 Pa. 296; Stanford v. Lyon, 37 N. J. Eq. 94; Baron v. Korn, 127 N. Y. 224 (27 N. E. Repr. 804); Long v. Ragan, 94 Md. 462 (51 Atl. Repr. 181); Norwalk Heating, etc., Co. v. Vernam, 75 Conn. 662 (55 Atl. Repr. 168).

*R. S. Martin,* with him *J. W. Kraus,* for appellee.—The principle of equitable estoppel operates to make a license irrevocable where the licensee makes valuable improvements, and the parties cannot be again placed in their former positions: Huff v. McCauley, 53 Pa. 206; Le Fevre v. Le Fevre, 4 S. & R. 241; Rerick v. Kern, 14 S. & R. 267; McKellip v. McIlhenny, 4 Watts, 317; Ebner v. Stichter, 19 Pa. 19; Swartz v. Swartz, 4 Pa. 353; Pierce v. Cleland, 133 Pa. 189.

OPINION BY HENDERSON, J., December 13, 1909:

The agreement between the plaintiff and the defendant with reference to the erection of the wall which is the occasion of their controversy was verbal. The trial judge found that a part of that agreement was that the wall should be erected on the defendant's ground along the division line between the properties, and this finding is supported by all of the evidence. The further fact was found that the plaintiff located and erected the wall on the defendant's lot three and three-fourth inches beyond the dividing line at the front and seven and three-fourths inches beyond it at the rear end thereof. As a result of this location a strip of the defendant's land three and three-fourth inches wide at one end and seven and three-fourth inches wide at the other is thrown into the passageway of the plaintiff. This the latter says was inadvertently done. In his answer to the defendant's cross bill he makes the following statement: "I allege that any encroachment of said wall on King's lot beyond the dividing line was made and done wholly without my knowledge and consent." It is evident, therefore, that the wall is not where the parties agreed that it should be, and that the defendant is practically excluded from the enjoyment of the strip of ground across which the plaintiff encroached on his lot. The license was for the wall in a particular place. By mistake or otherwise it was not located in accordance therewith. Upon what principle, then, has the plaintiff standing to insist that he be protected in this intrusion on the defendant's estate? Certainly not on the ground of estoppel, for the defendant avers in the cross bill that he did not discover until after the wall was built that it encroached on the line agreed upon, and the plaintiff in his answer to the cross bill, as we have seen, declares he did not know that the face of the wall was beyond the established line, nor is there any evidence leading to a different conclusion. It is true that the defendant was present at times during the erection of the wall, but there is not a suggestion in the case that he knew that the plaintiff was trespassing in doing the work. There is some evidence in the testimony of Mr. Strasberger, who put up the cribbing for

the wall, that the plaintiff was present when the cribbing was built, and that the intention was to follow the line of the lots but that the plaintiff told him to keep over an inch or two on the defendant's property, but none of the evidence intimates that the defendant knew of the encroachment.    In the absence of an estoppel the defendant has a right to insist that the license be exercised on the conditions subject to which it was granted.    This is a well-recognized rule: Mumford v. Whitney, 15 Wend. 380; Freeman v. Headley, 33 N. J. L. 523; Dempsey v. Kipp, 62 Barb. 311.    If then the plaintiff is occupying land of the defendant not covered by the license the latter is in the strict exercise of his right in insisting that the objectionable occupancy be discontinued.    And this may be done by a mandatory injunction: Long v. Regan, 94 Md. 462; Stanford v. Lyon, 37 N. J. Eq. 94; Norwalk Heating, etc., Co. v. Vernam, 75 Conn. 662; Pile v. Pedrick, 167 Pa. 296; Harrington v. McCarthy, 169 Mass. 492.    The disclaimer to the strip in question filed by the plaintiff does not put the defendant in the possession or enjoyment of his property, nor secure to him the incidents of ownership to which, both in law and equity, he is entitled.

But as the wall was constructed under a license from the defendant, and its present location is the result of a mistake on the part of the plaintiff, we think it would not be equitable to require its removal from the defendant's premises and the construction of it wholly on the plaintiff's land, as requested by the defendant.    The ends of justice will be met and full effect given to the intention of the parties to the license by a decree that the wall be so moved or reconstructed that the face of it fronting the plaintiff's lot shall be along the dividing line between the lots of the plaintiff and the defendant.

The decree of the court is therefore reversed, the cross bill is reinstated, and the record remitted to the court below with direction to enter a decree in accordance with this opinion.

It is further ordered that the costs of this appeal be paid by the appellee.