[Smith v. Morris, et al.]

# Smith *v.* Morris, *et al.*

### *Bill to Enjoin Trespass.*

(Decided February 13, 1913.  61 South. 276.)

1. *Injunction; Trespass; Injury to Realty.*—Where injuries to realty are permanent and continuous, tending to destroy the substance of the inheritance. ruin the estate, or permanently impair its future use or enjoyment, equity will interpose by way of injunction, pecuniary compensation being inadequate in such cases.

2. *Same; Conspiracy; Allegation and Proof.*—Where the bill was filed against several respondents to enjoin continuous acts of trespass and alleged that they were jointly liable therefor because of an unlawful conspiracy among them to injure and impoverish complainant, but the preponderance of the evidence showed that each act was an independent act, and rebutted the idea that there was a conspiracy, the court properly declined to enjoin.

3. *Depositions; Admissibility; Objection; Waiver.*—Where the complainant made no objection to a consideration of depositions taken on behalf of respondents, but introduced as a part of his own evidence testimony given by each respondent on the cross-examination, the court could properly consider the deposition, although they were not certified properly.

APPEAL from Blount Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by W. L. Smith against H. R. Morris and others, to enjoin continuous trespass to realty.  Decree for respondents and complainant appeals.  Affirmed.

JAMES KAY, and GEORGE W. DARDEN, for appellant. The circumstances of this case are such as to authorize the court of chancery to intervene, as pecuniary compensation was inadequate, and would have resulted in a multiplicity of suits.—*Hooper v. Dora M. Co.*, 95 Ala. 239; *Chappell v. Roberts*, 140 Ala. 327; *Wilson v. Meyers*, 144 Ala. 402; 22 Cyc. 286, 835, 836.  The court improperly considered the depositions as they were not certified as required by law.—Sec. 4040, Code 1907, and authorities there cited.

W. A. WEAVER, and CAMPBELL & JOHNSTON, for appellee. No brief came to the Reporter.

DE GRAFFENRIED, J.—The bill of complaint in this case was filed by the complainant, W. L. Smith, against H. R. Morris, L. A. Kilpatrick, P. W. Sullivan, W. W. Sullivan, Bert Ellison, W. H. Collier, A. A. Herndon, Frank House, James Strong, W. H. Collier & Co., a partnership composed of W. H. Collier and A. A. Herndon, and the Southern Iron & Steel Company, a corporation organized and existing under the laws of the state of New Jersey.

The complainant alleges in his bill of complaint that on or about the 14th day of June, 1910, and for a long time prior thereto, he owned in fee simple and was at that time, and at the time of the filing of the bill of complaint, lawfully possessed of certain lands which are described in the bill of complaint. The bill of complaint further alleges that the respondents and each of them "did on or about the 27th day of February, 1911, and at divers different times between that date and the filing of this bill, wickedly and maliciously conspire together, and with intent to injure and impoverish complainant, trespass upon" the said lands. In other words, the bill of complaint alleges that the respondents were guilty of continuous acts of trespass upon the complainant's said lands, and that they were jointly responsible therefor because of an unlawful conspiracy on the part of the respondents thereby to injure and impoverish the complainant.

1. The rule is familiar that when injuries to realty are permanent, continuous, and of frequent occurrence, tending to "destroy the substance of the inheritance, or ruin the estate, or permanently impair its future use and enjoyment in the manner in which the owner has

[Smith v. Morris, et al.]

been accustomed to use and enjoy it, pecuniary compensation is inadequate," and a court of equity will interfere and award an injunction to prevent such injuries.—*Hooper v. Dora Coal Mining Co.,* 95 Ala. 235, 10 South. 652.

2. In this case the complainant, to support the theory that the alleged frequent trespasses upon his property were not independent acts of the respondents done by each of them at separate times and while acting independently of the other respondents, in order that he might have the court to treat as continuous acts of trespass by all of the respondents what otherwise would have amounted to an occasional act of trespass by each of them, undertook to attach each single act of trespass to all of the respondents by alleging that each trespass, no matter by which one of the respondents it was actually committed, was committed in pursuance of an agreement entered into by all of the respondents to trespass upon the complainant's land in order that they might injure him in its permanent enjoyment.

There was evidence of independent acts of trespass committed at different times by the respondents or some of them, acting separately from his corespondents upon the lands of the complainant. The preponderance of the evidence in the case, however, rebutted any idea that there was any conspiracy on the part of the respondents to trespass upon said lands or in any way to injure the complainant. Each respondent may at some time have been guilty of an act of trespass upon the complainant's land, but the preponderance of the evidence discloses that such act of trespass was an independent act of trespass with which his correspondents had no connection. The complainant failed, therefore, to prove one of the material allegations of his bill of complaint—an allegation upon which the entire equity

[Smith v. Morris, et al.]

of his bill depended—and he was therefore not entitled to the relief prayed in his bill.

3. The evidence in this case was taken informally by the parties before a commissioner mutually agreed upon by them. The witnesses were examined orally, and each party appeared at such examination, examined his own witnesses on their direct and rebuttal examinations, and cross-examined the witnesses of his adversary. This cause was, by agreement of the parties, submitted for decree in vacation upon the pleading and the proof as noted by the register. The depositions of the respondents appeared in such note of testimony, and the complainant filed no objection to the consideration by the chancellor, as testimony in the case, of the depositions which had been taken on behalf of the respondents. In fact, the complainant himself introduced in his note of testimony as a part of his evidence the evidence of each witness for respondent given on cross-examination whose deposition he now insists should not have been considered by the chancellor. We are therefore of the opinion that the chancellor under the circumstances shown by this record properly considered the depositions of respondents, although they may not have been certified by the commissioner before whom they were taken in the manner provided by our statutes.

There is no error in the record. The decree of the court below is affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.