(85 South. 692)

## WELLS AMUSEMENT CO. v. EROS.
### (7 Div. 66.)

(Supreme Court of Alabama. May 14, 1920.)

**1. Appeal and error ⬟339(4)—Requirement that appeal be taken in 30 days not applicable to mandatory injunction.**

In a suit for mandatory injunction to compel detachment of parts of a roof from complainant's building, motion to dismiss appeal, taken within the time prescribed by Gen. Acts 1919, p. 84, was properly denied, though the appeal was not taken and supersedeas bond ·executed until nearly 60 days after date of decree; Code 1907, § 4866, requiring appeal within 30 days, not being applicable.

**2. Adjoining landowners ⬟9(2) — Encroachment subject to abatement by injunction.**

Where an owner of land intentionally encroaches on the property of his adjoining proprietor without the latter's consent or acquiescence, the act is a trespass, and, if continuous, a private nuisance, which the adjoining proprietor may have abated through mandatory injunction; the remedy at law not being adequate.

**3. Adjoining landowners ⬟9(2)—Roof held encroachment subject to abatement by injunction.**

Owner, to the wall of whose building an adjoining owner glued a composition roof of its own building, the wall being flush with the property line, held subjected to a gain or encroachment, entitling him to mandatory injunction against the adjoining owner for removal of the roof.

**4. Adjoining landowners ⬟9(1)—Roof glued to adjoining building held encroachment.**

One owner has no right to glue its composition roof to the wall of an adjoining owner flush with his property line, to prevent rainwater from passing down such adjoining owner's wall into its own building. _

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by. Joseph Eros against the Wells Amusement Company· for mandatory injunc-tion to detach parts of a roof from the wall of complainant's building. From a decree granting relief, respondent appeals. Affirmed.

Motion to dismiss the appeal is grounded on the fact that the appeal was not taken and supersedeas bond executed until nearly 60 days after the date of the decree, whereas section 4866, Code 1907, requires the appeal to be taken within 30 days.

Ross Blackmon, of Anniston, for appellant.

· The bill was without equity. 181 Ala. 279, 61 South. 276; 95 Ala. 235, 10 South. 652; 189 Ala. 17, 66 South. 720; High on Injunctions, 697. Complainant had a complete and adequate legal remedy. 127 Ala. 471, 29 South. 173, 85 Am. St. Rep. 137; 104 Ala. 137, 16 South. 131; 101 Ala. 271, 14 South. 466; 96 Ala. 442, 11 South. 370; 86 Ala. 199, 5 South. 298.

Rutherford Lapsley, of Anniston, for appellee.

Under the facts complainant was entitled to a mandatory injunction. High on Injunctions, §§ 2, 702–708; 133 Ala. 459, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46; 201 Ala. 535, 78 South. 889; 81 N. E. 1161; 88 N. Y. 600; 144 Ala. 457, 39 South. 560; 115 Ala. 615, 23 South. 164, 39 L. R. A. 623, 67 Am. St. Rep. 72.

McCLELLAN, J. [1] This appeal was taken within the time prescribed by General Acts 1919, pp. 84–86. Code, § 4866, is not applicable to this character of cause.

The appellee, complainant, had, prior to 1917, erected upon his lot in Anniston a two-story brick building. The south wall of this building was constructed upon the southern margin of appellee's lot. The appellant owned the lot next, on the south, to appellee's lot, and constructed thereon a one-story place of amusement. The plan of appellant's building was evidently designed to avail of appellee's south wall as the means of inclosing (in major part) the north side of appellant's structure. The appellant's building does not,· however, touch appellee's south wall, except in this way: The end, edge, or flange of the paper composition roof of appellant's building is pasted or glued to the surface of appellee's south wall · about midway of its height. The process of attaching the roof to this wall appears to be permanent in character. The appellee filed this bill, wherein he seeks mandatory injunction to compel appellant to detach from the south wall of appellee's building the flange of the composition roof fixed thereto by appellant. The court below granted the relief, and from that decree this appeal results.

[2] Where an owner ·of land intentionally encroaches upon the property of his adjoin-

ing proprietor, without the latter's consent or acquiescence, the former's act is a trespass, and, if continuous in character, constitutes a private nuisance, which the latter may have considerately abated through mandatory injunction from a court of equity; the remedy at law not being regarded as adequate or complete. 1 Cyc. p. 72 et seq.; 1 Corp. Jur. p. 1207 et seq.; 1 R. C. L. pp. 378, 379; 1 High on Inj. §§ 702 (p. 671), 704, 708; Harrington v. McCarthy, 169 Mass. 492, 48 N. E. 278, 61 Am. St. Rep. 298; Norwalk Co. v. Vernam, 75 Conn. 662, 55 Atl. 168, 96 Am. St. Rep. 246. The books illustrate the fact that gains, encroachments, by an adjoining proprietor upon his neighbor may be and often are such as to preclude recourse to ejectment, for the reason that the possession, requisite to a resort to that form of action, is not taken. This case is of that character, and it has been declared by this court, in the Tyson-Bank Case, 133 Ala. 459, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46, and 144 Ala. 457, 468, 39 South. 560, 561, that "the fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages only, often furnishes the very best reason why a court of equity should interfere in cases where the nuisance is a continuous one." A corollary of this reason for interference by injunction was applied, in Harrington v. McCarthy, supra, to a case of encroachment; it being there declared that the fact that no actual damage had been sustained in consequence of the encroachment did not qualify the right to injunctive relief.

The bill in this case appropriately invoked the stated jurisdiction of the court of equity, if the act of this appellant amounts to a gain or encroachment upon the property of its adjoining proprietor, the appellee. The court below was authorized to conclude from the evidence that the wall to which the flange of appellee's composition roof was glued was flush with the property line of appellee, and was hence beyond any possible right of the appellant, as the adjoining owner, to use or avail of it as the physical support or complement of the roof of appellant's building. What appellant did was therefore an invasion of appellee's property, for its own unauthorized purpose. This use of appellee's property was of such character as to afford the basis for the acquiring of an adverse right or easement, thus laying the foundation for a right or easement that might, if perfected, impair the value of the property; and this condition has been held to entitle the owner, whose right to immunity from invasion has been violated, to the remedy by mandatory injunction. 1 High on Inj. p. 671; Norwalk Co. v. Vernam, 75 Conn. 662, 55 Atl. 168, 96 Am. St. Rep. 246, note, p. 248.

[3] The case made by the bill was sustained by the evidence; the proof showing, as averred, that the composition roof was pasted, glued, to the wall. The appellant cites, chiefly, Smith v. Morris, 181 Ala. 279, 61 South. 276; Hooper v. Dora, etc., Co., 95 Ala. 235, 10 South. 652; Hitt Lumber Co. v. Cullman Co., 189 Ala. 17, 66 South. 720. None of these decisions are authority for a different conclusion from that prevailing in the court below, though their announcement of doctrine, applicable to the facts there presented, is sound.

[4] It is also insisted that the appellant has the right to use the means described to prevent rainwater from passing down appellee's wall into appellant's building. This claim is without merit. Indeed, it appears to this court to conduce to a conclusion opposed to the right the appellant asserts. It confirms the view that the appellant intended to appropriate, without license or right, appellee's property (south wall) to its own purpose and advantage, thus emphasizing the fact that appellant is encroaching upon appellee's property through a means that, if adversely maintained for the requisite period, could ripen into a right of use, an easement, that would impair the value of appellee's property.

The decree of the court below conforms to the law applicable to such circumstances. It is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.