(87 South. 363)

## JACOBS v. GOODWATER GRAPHITE CO.
### (5 Div. 754.)

(Supreme Court of Alabama. Dec. 16, 1920.)

1. **Appeal and error** ⟾351(2)—**Appeal taken on giving security and docketing case.**

An appeal from a decree is taken when sufficient surety for costs was lodged with the register and the cause was docketed on certificate in the Supreme Court within the time prescribed by Code 1907, § 2868, as amended by Acts 1915, p. 711, and Acts 1919, p. 84, and Code 1907, § 2870.

2. **Appeal and error** ⟾627(1)—**Delay in filing transcript pending continuance is not prejudicial.**

Where the appeal had been taken before the April call of that division and had then been continued, delay in filing the transcript was not prejudicial to appellee, where the transcript was filed before the next call of that division, which was in November.

3. **Appeal and error** ⟾621(1)—**Requirement for filing transcript does not apply to equity appeals.**

The requirement of Acts 1919, p. 85, § 4, that appellant file a transcript within 60 days after the signing or establishment of the bill of exceptions or the expiration of the time for establishing it is not applicable to an appeal in an equity case.

4. **Vendor and purchaser** ⟾266(8)—**Taking independent security prima facie waives lien.**

The taking of personal or other security for the purchase price of land is prima facie a waiver of the vendor's lien which the law implies where the personal obligation of the purchaser alone has been taken.

5. **Vendor and purchaser** ⟾281(3)—**Evidence held not to rebut presumption of waiver of lien.**

In a suit to foreclose a vendor's lien where it appeared that the vendor had taken independent security for the purchase money, and there was evidence that it was agreed between the parties that the lien be waived so that the land could be made the basis for the forming of a corporation and the warranty deed given the purchaser recited a cash consideration, the testimony of complainant and his son to the contrary does not leave the matter in doubt so as to establish the lien.

Appeal from Circuit Court, Coosa County; E. J. Garrison, Judge.

Suit by Moses Jacobs, Sr., against the Goodwater Graphite Company to enforce a vendor's lien. Decree for respondent, and complainant appeals. Motion to dismiss overruled, and decree affirmed.

The case was submitted on motion of appellee to dismiss the appeal because not consummated within the time and within the manner prescribed by Gen. Acts 1919, p. 84, and on the merits.

J. Sanford Mullins, of Alexander City, for appellant.

The court was in error in holding that there was a waiver of the lien. 124 Ala. 633, 26 South. 959; 95 Ala. 536, 10 South. 345; 69 Ala. 33. The notice to the officials of the lien was notice to the corporation. 193 Ala. 120, 69 South. 508; 199 Ala. 659, 75 South. 310.

John A. Darden, of Goodwater, for appellee.

Argo and Epps were acting in their own private capacity, and notice to them was not imputable to the corporation. 185 Ala. 421, 64 South. 23, Ann. Cas. 1916B, 166; 120 La. 777, 45 South. 604. A subsequent purchaser is not chargeable with notice under the facts in this case. 110 Ala. 631, 18 South. 299; 72 Ala. 332, 47 Am. Rep. 418. The burden rests on the party attempting to establish the lien. 56 Ala. 623; 56 Ala. 126. The lien was waived. 94 Ala. 536, 10 South. 143; 99 Ala. 616, 13 South. 573; 3 Ala. 302; 87 Ala. 270, 6 South. 193; 65 Ala. 61; 141 N. Y. 462, 36 N. E. 511, 38 Am. St. Rep. 821.

THOMAS, J. The case was submitted on motion and on merits.

The motion was to dismiss the appeal for the reason that appellant did not file the transcript in the cause with the clerk of this court within 60 days after its completion and certification. The final decree was rendered on March 4, 1920, from which the appeal was taken on March 19th, security for costs for perfection of the appeal approved March 20th, certification of the register to the transcript was on April 16th, and the transcript was filed with the clerk of this court on November 16th thereafter. Gen. Acts 1919, pp. 84–86. Acceptance of service of appeal and waiver of further notice was of date of April 6, 1920; the respective calls of the fifth division were for April 12, 1920, and November 15, 1920.

The several provisions of the act in question have not been construed by this court.

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Butler Cotton Oil Co. v. Brooks, 85 South. 778;[1] Wells Amusement Co. v. Eros, 85 South. 692.[2] The Act of February 15, 1919, Gen. Acts, p. 84, to amend the Act of September 22, 1915 (Gen. Acts 1915, p. 711), "to further prescribe and regulate the right and manner of taking appeals in civil and criminal cases and their submission in the Supreme Court and Court of Appeals," provides:

That "any appeal taken under the provisions of chapter fifty-three (53) of the Code of Alabama of 1907 must be taken within six months from the rendition of the judgment or decree" in the manner provided (section 1); that "after making [taking] an appeal in the manner herein provided, and filing in the cause a bill of exceptions, or the expiration of the time for filing such bill of exceptions, or if the appellant sooner direct, the clerk, register or judge of probate, as the case may be, shall make out a transcript as required by law, and deliver the same to the appellant" (section 2); that "after the taking of the appeal the clerk or register or judge of probate shall, on demand ·of the appellee, make out and deliver to him a certificate showing the names of the parties, the court, a copy of the judgment or decree, and the date of the taking of the appeal, and the date the bill of exceptions was signed, if it has been filed, and a copy of the statement of appeal and security for costs, or the supersedeas bond" (section 3); that the "appellant shall file the transcript in the office of the clerk of the Supreme Court, or Court of Appeals within sixty (60) days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same" (section 4); that "if the transcript is not filed in the office of the clerk of the court to which the appeal is taken within the time fixed by this act, the appellee may on any Thursday after the first call of the docket in the court to which the appeal is returnable, after the expiration of the time for filing the transcript, present the certificate of appeal and certified copy of a security for costs of appeal, or supersedeas bond, and move the court for the dismissal of the appeal or affirmance of the judgment or decree appealed from and a judgment against the sureties for the costs of appeal, or on the supersedeas bond. But the appellate court may for good cause extend the time for filing the transcript" (section 5).

By section 6 it is provided that the clerk of the Supreme Court and the clerk of the Court of Appeals shall enter all cases wherein appeal is taken, on a docket in the order in which the transcripts or certificates of appeal are presented.

[1] The record in the office of the clerk of the Supreme Court discloses that the certificate of appeal was filed on April 6th and there was a continuance of the cause on April 13th, on the call of the Fifth division, from where the appeal came. There was no formal order extending the time for filing the transcript, unless the order of continuance so operated. The appeal was taken when good and sufficient surety for costs was lodged with the register (Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241), and the cause was docketed on certificate in this court within the time prescribed by statute. Section 2868, Code (as amended, Gen. Laws 1915, p. 711); Gen. Laws 1919, p. 84; section 2870, Code.

[2, 3] The delay in filing the transcript was not prejudicial. Collier v. Coggins, 103 Ala. 281, 15 South. 578; Cudd v. Reynolds, 186 Ala. 207, 61 South. 41; National Union v. Sherry, 180 Ala. 627, 61 South. 944; Southern Ry. Co. v. Abraham Bros., 161 Ala. 317, 49 South. 801. Had the case not been docketed in this court until the subsequent term, there may have been merit in movant's motion. National Union v. Sherry, supra. The provision in the act of 1919 (Gen. Acts, p. 85, § 4) requiring appellant to file the transcript within 60 days "after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same" is not applicable to an appeal in an equity case. The motion to dismiss is overruled.

[4] The bill was to enforce a vendor's lien on lands sold by appellant Jacobs to Eugene Argo, and by the latter to appellee. A defense set up was that the lien given by law was waived when the vendor accepted a note for the balance of the purchase money signed by the purchaser and a surety, one T. D. Eppes. The taking of personal or other security for the purchase price of the land was prima facie a waiver of the lien of its vendor. Kinney v. Ensminger, 94 Ala. 536, 10 South. 143; Hammett v. Stricklin, 99 Ala. 616, 13 South. 573; Gravlee v. Lamkin, 120 Ala. 210, 218, 24 South. 756; Acree v. Stone, 142 Ala. 156, 37 South. 934; Foster v. Athenaeum, 3 Ala. 302, 310; Campbell v. Goldthwaite, 189 Ala. 1, 8, 66 South. 483; Russell v. Stockton, 199 Ala. 48, 74 South. 225.

[5] Where the personal obligation of the vendee has been taken, without more, the law implies a lien; when, however, the vendor did some act which evidenced an intention to waive the lien, such as taking independent surety from the vendee, the existence of the lien is repelled. Dowling v. McCall, 124 Ala. 633, 26 South. 959; Turner v. Turner, 193 Ala. 424, 69 South. 503. The testimony of Dr. Argo and Mr. Eppes was that it was agreed with vendor that the lien be waived; that the land be made the basis of forming a graphite corporation. This was corroborated by the vendor's note with surety taken for balance of the purchase money and the warranty deed given the purchaser reciting a cash consideration. Complainant by his own testimony and that of his son, to the contrary, does not leave the matter in doubt, so that "the lien attaches." 2 Story, Eq. Juris, § 1224; Dowling v. McCall, supra; Wilkinson v. May, 69 Ala. 33; Zirkle v. Hendon, 180 Ala. 209, 60 South. 834; Hunter v. Briggs, 184 Ala. 327, 63 South. 1004. For earlier cases, see, also, Moore v. Worthy, 56

[1] 204 Ala. 195.    [2] 204 Ala. 239.

Ala. 163; Simpson v. McAllister, 56 Ala. 228; Mackreth v. Symmons, 15 Ves. 329, 340.

We have carefully examined the evidence and are of opinion that the circuit court correctly found that the vendor's lien was waived by taking the purchaser's note for the balance due thereon with personal security.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.