[Merrill v. Worthington.]

# Merrill *v.* Worthington.

(Decided April 27, 1908.   46 South. 477.|

1. *Assumpsit; Pleading; Replication; Departure From Complaint.* —Where the contract has been wholly executed by one party, and there remains only the duty to pay a sum certain, or which can be made certain by calculation, a recovery may be had on the common counts, although the contract was in writing; and where the declaration was for work and labor done on open account and by account stated, and the plea was that it was done under written contract or special contract, a replication which alleges a written contract under which the plaintiff did certain work and that defendant requested him to perform additional work, which he did, and setting up the amount due under the contract, together with a sum certain due under the contract and for the additional work, the replication was in support of the complaint, and did not constitute a departure, and the balance due on the contract was recoverable on the common counts.

2. *Same; Allegation of Promise or Reasonable Value; Statutory Form.*—In declaring on the common counts at common law the complaint should state a promise to pay, or that the work done was reasonably worth the sum claimed, but under the form of common count as laid down by section 3352, Code 1896, form 10, such allegation is not required, or even an averment that the work was done at the special instance and request of defendant, if he has accepted it.

3. *Trial; Reception of Evidence; Objection; Statement of Ground.* —Where plaintiff testified that defendant told him that he would be about the work very little and that one S. was his superintendent and agent, and any order by S. would be the same as if given by defendant, and as plaintiff was relating what S. said to him about doing the work, an objection on the ground that what took place with reference to S. was at the inception of the work, was not a proper ground of objection to the testimony being given.

4. *Principal and Agent; Liabilities to Third Person; Existence of Relation.*—Whether or not S. was the superintendent and agent of the defendant in directing the performance of the work was a question for the jury, where the evidence tended to show that defendant had told plaintiff that S. was his superintendent and agent and that any orders from S. would be the same as if given by defendant.

5. *Same; Extent of Agent's Authority; Duty to Ascertain.*—One dealing with an agent is bound to ascertain the extent of his authority, and where the agent is merely an overseer or superintendent, his principal is bound only for acts done within the scope of his agent's duties.

6. *Contract; Action; Evidence.*—Plaintiff having testified that defendant told him that he would be about the work very little, but that S. was his superintendent, and that any order from S. would be the same as if given by defendant, it was competent for plaintiff to relate what S. said to him and an objection that any conversation with S. was inadmissible, was properly overruled.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Action by Charles Worthington against Frank B. Merrill. From a judgment for plaintiff, defendant appeals. Affirmed.

PILLANS, HANAW & PILLANS, for appellant. The court erred in overruling defendant's demurrer to plaintiff's replication to the second plea. It was a departure. Stephen on Pleading, Section VI, Rule 1, * p. 410 (8th Am. Ed.) ;Chitty on Pleading, * p. 674 (the 2nd qualification of a replication) 16th Am. Ed; 6 Ency. of Plead. & Prac., 460-461; *Eskridge vs. Ditmars,* 51 Ala., at 246, 251-2; *Nelson vs. First Nat'l Bank of Montgomery,* 139 Ala., at 590-592; *McAden vs. Gibson,* 5 Ala., at 344-5.

The court erred in permitting the plaintiff to testify that he was ordered by Smith to do extra grading on St. Emanuel Street.—*Fisher vs. Campbell,* 9 Port, 210, at 212, 213-4, 215-16; *Van Eppes vs. Smith,* 21 Ala. 317; *Lawrence vs. Randall,* 47 Ala. 240; *Clarke vs. Taylor,* 68 Ala. 453; *Wheeler vs. McGuire,* 86 Ala. 398; *Dunn vs. Gunn* (Ala.) 42 So. Rep., 686 (12th head note); *Baird Lumber Co. vs. Devlin,* 124 Ala. 245.

And until agency is established, no evidence is properly admissible as to acts of the alleged agent.—1 Curr. Law, p. 49, sub-title *"evidence and proofs."*

ANDERSON & CHAMBERLAIN, for appellant. A casual reading will demonstrate the correctness of the court's ruling on demurrer. If the evidence was apparently irrelevant when introduced it was made relevant by the introduction of subsequent testimony.—*Belmosot U. & C. R. R. Co. v. Smith,* 74 Ala. 203. Smith's declarations related directly to the business entrusted to him and were made in connection with the work he was superintending.—*Tenn. Trans. Co. v. Kavanaugh,* 101 Ala. 1; *Gibson v. Snow Hdw. Co.* 94 Ala. 346; Authorities supra.

[Merrill v. Worthington.]

SIMPSON, J.—This action was brought by the appellee against the appellant; the complaint containing three counts; (1) On an open account; (2) on an account stated; and (3) for work and labor done. The defendant (in addition to the general issue) interposed a special plea, alleging that the work done by the plaintiff was done under a contract, which is described, which provided that the plaintiff was to be paid $340, and in said contract the plaintiff also agreed to build a curbing at 4 cents per lineal foot and to do sidewalk paving at 80 cents per square yard; that plaintiff had performed the work as provided for $340, and had also built curbing and done sidewalk paving, which at the price specified amounted to $711.35, making in all $1, 051. 35, all of which had been paid, except $34.29 which is tendered and brought into court. The plaintiff filed a replication, stating that the contract was in writing, that it is incorrectly stated in said plea, that the amount of curbing and paving done by him is incorrectly stated, that for said work according to the contract there is a balance of $79.98 due, and that in addition to the work done under the contract defendant employed him to do additional grading, which he did, and for which he claims $180, and that the amount due under the contract, "with the amount for additional grading makes the total amount due plaintiff $254.98."

To this replication the defendant demurred, because the complaint is only for amounts due under the common counts and said replication claims for an amount due under the special contract, in addition to the amount due for work and labor done; also because the replication is uncertain, in that it does not allege either that the $180 is the reasonable value of the additional work done, or that it was the amount agreed to be paid for said work. While the first, second, and third

grounds of demurrer would be well taken, if the new claim set up were on an executory contract (*Eskridge v. Ditmars & Co.*, 51 Ala. 245, 251, 252; *McAden v. Gibson*, 5 Ala. 341, 344, 345; 3 Ency. Pl. & Pr. 461, 462; 1 Chitty on Pleading (16th Ed.) *674 (bottom page 810), yet when the contract has been executed on the part of the plaintiff, and there remains only the duty to pay a sum in numero, "or which can be mere calculation be rendered certain," a recovery may be had on the common counts (*Holloway v. Talbot,* 70 Ala. 389, 392; *Hunter v. Waldron*, 7 Ala. 753, 757; *Sprague and Wife v. Morgan and Wife*, Id. 952, 954; *Darden v. James*, 48 Ala. 33, 37; *Beadle v. Graham's Adm'r*, 66 Ala. 99, 101; *Maas & Schwarz v. Montgomery Iron Works*, 88 Ala. 324, 329, 6 South. 701; *Ezell v. King*, 93 Ala. 470, 473, 9 South. 534; *Stafford v. Sibley,* 106 Ala. 189, 191, 17 South. 324; 4 Cyc. 328). "If the evidence in support of the replication would sustain the allegation in the declaration, there is no departure."—*Smith v. Nicholls,* 5 Bing. N. C. 208; Andrews' Stephen's Pleading, p. 402, note 1. Consequently, in this action, the balance due on the contract was recoverable on the common counts; and the replication was in support of the complaint, and not subject to the ground of demurrer first named.

As to the second ground of demurrer (to wit, that the replication was uncertain), while according to the rules of pleading at common law the complaint should state either the promise or that the work was reasonably worth so much ( Chitty on Pleading [16th Am. Ed.] *308, *352 (bottom pages 392, 447), yet the form of common counts, as laid down in Civ. Code Alt. 1896, p. 944, § 3352, form 10, does not so require; and our court has decided that it is not even necessary to aver that the work was done at the special instance and request of the defendant, where it is shown that the work has been

accepted by the defendant.—*LaFayette Railway Co. v. Tucker,* 124 Ala. 514, 27 South. 447. There was no error in overruling the demurrer to the replication.

The extra work claimed for consisted of regrading "North street" and grading St. Emanuel street. The bill of exceptions states that "the plaintiff offered evidence tending to show that, after he had graded 'the North street'  *  *  *  the defendant ordered him to regrade said street"; also evidence "tending to show that after the grading was done  *  *  *  the defendant told him that he wanted St. Emanuel street graded in front of his property, and asked plaintiff to make him an estimate of what it would cost," and when plaintiff went the next morning with the estimate to see defendant he was told by Smith that defendant had gone to New York. The plaintiff testified that, when the defendant accepted his proposition to do the original work, and before work was commenced under the contract, said defendant told plaintiff "that he (defendant) would be about the work very little, but that Mr. Smith was his superintendent, was in charge of the work, and would be on the work all the time, and that orders or directions given him by Mr. Smith would be the same as if they came from him (Merrill)." After this explanation, as the plaintiff (as a witness) " was going on to tell what said Smith said to him" at the time when he told plaintiff that the defendant had gone to New York, "the defendant's counsel objected to the witness testifying to anything that Smith said about the matter." The witness Kelly, who regraded North street, also testified that the defendant came around at times and talked about the work; that when witness asked him about it he referred him to Smith and said he was his superintendent and agent. This objection was made both before and after the explanation, and, although the

court seems to have treated it as if the objecction was on account of the fact that the witness had not been shown to be the agent of the defendant, yet no reason for the objection is given, except that "what took place with reference to Smith was at the inception of the work." No motion was made to exclude the answer of the witness Smith after it was given.

It will be noticed, then, that in addition to the fact that no proper grounds were stated for the objection to the question, and no motion was made to exclude the answer, evidence had already been introduced "tending to show" that the defendant himself had ordered the work done on "North street," and had told defendant "that he wanted St. Emanuel street graded," and had referred him to Smith for orders and directions. It was for the jury to say whether, under all the circumstances, Smith was the agent of defendant; and it cannot be said that the question, or rather what the witness "was going to testify," would bring out illegal testimony. So far as the record shows, at the time the objection was made "to the witness testifying to any conversation with Smith," he may have been about to testify to matters which had been specially referred to him, according to the testimony of the plaintiff. Hence there was no error in the overruling of the objection. There is no doubt of the correctness of the proposition in the cases cited by counsel for appellant, to wit, that one who deals with an agent is chargeable with the duty of ascertaining the extent of his authority, and also that, where the proof shows merely that the agent is overseer or superintendent, his principal is bound only for acts done within the sphere of his duties as such; but, as before stated, the evidence in this case furnish circumstances which properly went to the jury, in order to determine the extent of the agency of Smith.

The judgment of the court is affirmed.

TYSON C. J., and DOWDELL and MCCLELLAN, JJ., concur.