(95 South. 62)

## BUSH v. MOORE.   (6 Div. 135.)

(Court of Appeals of Alabama.   Jan. 16, 1923.)

1. Assumpsit, action of ⬗═19—Demurrer held properly overruled.

A demurrer to a complaint on the common counts for goods, wares, and merchandise sold and delivered, in the form prescribed by statute, was properly overruled.

2. Assumpsit, action of ⬗═23—Recovery on proof of contract.

Recovery may be had under the common counts on proof of a contract, its performance by plaintiff, and a failure to pay by defendant.

3. Assumpsit, action of ⬗═25—Evidence of value held properly excluded.

Where the issues in action in assumpsit did not involve the question of value, but only whether the goods delivered were according to the specifications of the contract, proof of value was properly excluded.

4. Evidence ⬗═188—Exhibits not identified properly excluded.

Ends of ties sought to be introduced in evidence were properly excluded because not sufficiently identified.

5. Appeal and error ⬗═928(3)—Where no bill of particulars, Supreme Court will presume charge was properly refused.

Where the record does not contain a bill of particulars, the Supreme Court will presume that the charge requested was properly refused.

6. Trial ⬗═143—Charge as to value held properly refused.

Where there was a conflict in the testimony as to the value of ties to be delivered under a contract, a request to charge that they were of a specified value was properly refused.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action in assumpit by W. T. Moore against W. D. Bush. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint, as amended reads:

"(1) The plaintiff claims of the defendant the sum of $141 due from him by account, on, to wit, October 20, 1920, which sum of money, together with the interest thereon, is still unpaid.

"(2) The plaintiff claims of the defendant the sum of $141 due from him for merchandise, goods, and chattels sold by the plaintiff to the defendant on, to wit, October, 1920, which sum of money, with the interest thereon, is still unpaid."

Charges 1 and 3, refused to defendant, are as follows:

"(1) The court charges the jury that unless the plaintiff cut and made the ties, according to specifications and as agreed to, then your verdict must be for the defendant."

"(3) The court charges the jury that, if you are reasonably satisfied from the evidence in this case the plaintiff failed to cut the ties according to specifications, then the defendant would be entitled to a judgment over against the plaintiff for $100 paid Ellis, and for 20 cents per stick for the ties cut and removed from his lands by the plaintiff, and he should be entitled to judgment against the plaintiff in that event for such sum."

Pinkney Scott, of Bessemer, for appellant.

Counsel argues for error in the rulings of the court on demurrers to the complaint, rulings on the evidence, and refusal of charges 1 and 3, but without citation of authority.

Goodwyn & Ross, of Bessemer, for appellee.

The complaint is in code form, and not subject to demurrer. 166 Ala. 253, 52 South. 398; 16 Ala. App. 330, 77 South. 924; 16 Ala. App. 295, 77 South. 445; 51 South. 731; 173 Ala. 568, 56 South. 216. The ends of cross-ties sought to be introduced in evidence were not identified, and the court properly refused to receive them. 167 Ala. 158, 52 South. 27; 155 Ala. 382, 46 South. 587; 181 Ala. 552, 61 South. 924; 13 South. 519; 61 South. 468. Charge 3 singles out the testimony of one witness and authorizes the jury to reach certain conclusions if such testimony is believed; it was properly refused. 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; 14 Ala. App. 208, 69 South. 246; Code, 1907, § 5858.

SAMFORD, J. [1] The complaint was on the common counts for an account and for goods, wares, and merchandise sold and delivered, and was in the forms laid down in the statute. The demurrers to these counts were properly overruled.

[2] Nor was there a variance between the probata and allegata. The proof for plain-

---

⬗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiff showed a balance due on a contract for the delivery of certain cross-ties, with nothing left to be done under the contract but the payment of the balance due. Where this is the case, the amount can be claimed under the common counts, and recovery had on proof of the contract, its performance by plaintiff, and a failure to pay by defendant. Merrill v. Worthington, 155 Ala. 281, 46 South. 477.

[3] The issues involved in this case made by the facts as proved did not embrace the market value or even the reasonable value of the ties claimed to have been delivered on the contract. The one question on that point was. Were the ties delivered of the specifications as defined in the contract? If so, the price was fixed; if not the defendant would have been entitled to a verdict. So that, proof of the value of the ties was properly excluded.

[4] The defendant sought to introduce in evidence what purported to be "some ends" claimed to have been sawed off the ends of some of the ties delivered on the contract. A sufficient ground upon which to sustain the court's ruling excluding this testimony is the parts of the ties offered in evidence were not sufficiently identified, by the witness Gwin, in connection with whose testimony these "tie ends" were offered.

Charge No. 1, requested in writing by defendant, was fully covered by the court in his oral charge to the jury.

[5] No bill of particulars appears in the record, and hence we must presume that the court properly refused the charge.

[6] There is no evidence in the record fixing the value of the timber in the ties at 20 cents per stick; the plaintiff testifying that the agreed price was 25 cents per tie and defendant that the aggregate value of the timber was $75 or $80. Charge 3, requested by the defendant, sought affirmative instructions as to the value of the timber, where there was a conflict in the testimony as to value. This in itself would justify the trial court in refusing the charge as requested.

We have examined the record carefully. The questions were fairly presented to the jury, and by the jury decided. The trial court did not err in overruling the motion for new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.