(101 So. 475)

## MOTOR SALES CORPORATION v. WHALEY et al. (6 Div. 268.)

(Court of Appeals of Alabama. April 23, 1924. Rehearing Denied June 3, 1924.)

1. **Appeal and error** ⊙═1078(1)—**Assignments not insisted on in brief are waived.**

All assignments of error not insisted on in brief are waived.

2. **Pleading** ⊙═418(1)—**Defendant held to waive demurrers by pleading to complaint by consent.**

Defendant, by pleading to complaint by consent, without ruling on demurrers, waived demurrers.

3. **Money received** ⊙═17(1)—**Count held sufficient.**

Count in assumpsit, alleging that "plaintiffs claim of the defendant, a corporation, $2,500 for money on, to wit, the 1st day of October, 1921, received by defendant for the use of the plaintiffs, which sum of money with the interest thereon is still unpaid," held sufficient under Code 1907, § 5382, form 10.

4. **Money received** ⊙═10—**Action cannot be founded on breach of executory contract unless nothing remains to be done but payment of money.**

No recovery can be had under a common count for money had and received when action is founded on breach of executory contract, unless nothing remains to be done by the parties to it but the payment of a sum of money.

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Money received** ☞19(1)—**Whether nothing remained to be done, under defendant's contract to sell plaintiffs' automobile, but payment of money, held for jury.**

In action for money had and received, based on defendant's agreement to sell automobile for plaintiffs and failure to pay over to plaintiffs money received, question of whether nothing remained to be done, under contract, but payment of money so as to warrant recovery under common count, *held* for jury.

**6. Money received** ☞19(4)—**Rule stated as to extent of recovery by plaintiff.**

Under count for money had and received, plaintiffs can recover only to extent of money or its equivalent which actually came into hands of defendant and which he is bound ex equo et bono to turn over to plaintiffs.

**7. Contracts** ☞29—**Existence of agreement by defendant to sell plaintiffs' automobile, entitling plaintiffs to withhold payment due defendant until sale, held for jury.**

In action for money had and received, in which plaintiffs claimed that defendant had agreed to sell plaintiffs' automobile for certain sum and that amounts due by plaintiffs to defendant as purchase money for automobile should be held in abeyance without interest until sale of car, existence of such agreement *held* for jury.

**8. Trial** ☞253(3)—**Refusal of charges ignoring certain issues held proper.**

In action for money had and received, refusal of charges *held* proper for failure to embrace issue as to whether defendant had agreed that he would sell plaintiffs' car and that payments due on car from plaintiffs to defendant should be held in abeyance without interest until car was sold.

**9. Trial** ☞253(6)—**Charge ignoring material part of evidence properly refused.**

A charge which ignores material part of evidence is properly refused.

**10. Money received** ☞19(2)—**Instruction on market value of automobile sold by defendant for plaintiffs held proper.**

In action for money had and received, based on defendant's contract to sell plaintiffs' automobile purchased from defendant and for which there were notes due and payable from plaintiff to defendant, in which defendant claimed that agreement was merely to sell car to best advantage, instruction on market value of automobile *held* proper.

**11. Trial** ☞253(6) — **Charge limited to one phase of evidence, though equally applicable to another, held erroneous.**

Action of court in limiting charge to one phase of evidence, when there was another phase to which it equally applied, *held* error, under Acts 1915, p. 815.

**12. Trial** ☞229—**Oral repetition of contents of written charge held not error.**

Action of court in verbally repeating what was written in charge after giving charge as written, *held* not error.

**13. Appeal and error** ☞1033(5)—**Charge, if error, held favorable to appellant.**

In action for money had and received, charge submitting whether defendants "had money in their possession that in good morals belongs to plaintiff," if error, was favorable to defendant.

**14. Money received** ☞18(2)—**In action based on defendant's agreement to sell plaintiff's automobile, testimony as to mode of payment by plaintiff for machine held irrelevant.**

In action for money had and received, based on defendant's agreement to sell plaintiffs' automobile, testimony that plaintiffs, on purchase of car from defendant, gave as first payment a certain automobile in perfect condition and certain amount in cash, *held* irrelevant.

**15. Money received** ☞18(2)—**Whether automobile sold by defendant to plaintiff was new held relevant in action based on defendant's agreement to sell it for plaintiff.**

In action for money had and received, based on defendant's agreement to sell plaintiffs' automobile originally purchased from defendant, question of whether it was sold to plaintiff as a new car *held* relevant as tending to show true facts in original transaction.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Julius Whaley and Grady Whaley against the Motor Sales Corporation. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte Whaley et al., 211 Ala. 624, 101 South. 478.

It appears that plaintiffs purchased from defendant, under a lease-sale contract, a Sterns-Knight automobile, at the price of $3,255, paying $300 in cash and applying on the purchase a secondhand automobile valued at $800. The balance of the purchase price was to be paid in monthly installments, evidenced by plaintiffs' notes.

Plaintiffs' evidence tended to show that before the first of the monthly installment notes was due they returned the car to defendant with the understanding and agreement that it was to be sold by defendant for plaintiffs for not less than $2,900, no sale to be without plaintiffs' approval; and that it was agreed by defendant that during the time it had the car in its possession for resale the monthly installment notes would not mature or bear interest.

Defendant's evidence was to the effect that the car was returned after the first installment note became due, plaintiffs stating that they could not pay for it and asking defendant to resell it; that defendant did not make any agreement as to the amount for which it should be resold or that the notes should not mature or bear interest; and that defendant stated to plaintiffs that it would sell the car to the best advantage possible.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It appears that none of the installment notes were paid; that some two or three months after its return defendant sold the car for a price of $2,475, receiving in part payment a secondhand car valued at $900, the remainder evidenced by notes.

Count 3 of the complaint on which the case was tried is as follows:

"Plaintiffs claim of the defendant, a corporation, $2,500 for money on, to wit, the 1st day of October, 1921, received by defendant for the use of the plaintiffs, which sum of money with the interest thereon is still unpaid."

Charge 4, refused to defendant, is as follows:

"4. The court charges the jury that if you believe the evidence, the defendant in this case is under no duty to account for more than it actually received for the car in question, if that amount was a fair and reasonable price at which to sell the same in the open market; and if you further find from the evidence that the amount received by defendant for the resale of the car, after deducting reasonably necessary expenses and commissions of resale, was no greater or less than was due by plaintiffs on the car, you should return a verdict for the defendant."

After giving the charge, considered in assignment 17, the court stated: "There was no dispute as to that."

Stokely, Scrivner, Dominick & Smith and Frank Bainbridge, all of Birmingham, for appellant.

Recovery under a count for money had and received cannot be had, where it appears the action is based upon a breach of an executory contract, unless nothing remains to be done except payment of a sum of money. Elrod Lbr. Co. v. Moore, 186 Ala. 430, 65 South. 175. And such recovery only to the extent of money or its equivalent actually reaching the hands of defendant may be had. 52 Am. Dec. 754; 27 Cyc. 853; 2 R. C. L. 782. Trial courts must give or refuse charges in the terms in which they are written. Brewer v. State, 15 Ala. App. 681, 74 South. 765; Bailum' v. State, 17 Ala. App. 679, 88 South. 200; N. A. Ry. Co. v. White, 14 Ala. App. 228, 69 South. 308; Louis Pizitz D. G. Co. v. Cusimano, 206 Ala. 689, 91 South. 779. The trial court must not charge upon the effect of the evidence nor mistake the facts or issues in its oral charge. 14 R. C. L. "Instructions," §§ 6, 12; 38 Cyc. 1656, "Trial"; Lowe v. Reed, 207 Ala. 278, 92 South. 467; Payne v. James, 207 Ala. 134, 91 South. 801; Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 South. 512; Brothers v. Morris, 209 Ala. 426, 96 South. 328; Amer. Ry. Exp. Co. v. Dunnaway & Lambert, 207 Ala. 392, 92 South. 780; 27 Cyc. 857.

Frank S. White & Sons and E. C. Crow, all of Birmingham, for appellees.

The count was not subject to demurrer. Code 1907, p. 1195; Bush v. Moore, 19 Ala. App. 88, 95 South. 62; Burton v. Wilder, 108 Ala. 669, 18 South. 552; 27 Cyc. 853; Lanford v. Lee, 119 Ala. 255, 24 South. 578, 72 Am. St. Rep. 914. The form of action was proper here. 31 Cyc. 1436; Traweek v. Hagler, 199 Ala. 665, 75 South. 152; Miller v. L. & N., 83 Ala. 274, 4 South. 842, 3 Am. St. Rep. 722; Marsh v. Fricke, 1 Ala. App. 654, 56 South.' 110; Williams v. Shows, 187 Ala. 132, 65 South. 839; Dees v. Self, 165 Ala. 228, 51 South. 735; Abercrombie v. Vandiver, 126 Ala. 532, 28 South. 491; 27 Cyc. 867. Charge 4 was properly refused.' Bryan v. Stewart, 194 Ala. 353, 70 South. 123; Cons. Mer. Co. v. Warren, 15 Ala. App. 623, 74 South. 738; East Pratt Co. v. Jones, 16 Ala. App. 130, 75 South. 722; 31 Cyc. 1451. A charge ignoring a material part of the evidence is erroneous. Riddle v. Webb, 110 Ala. 600, 18 South. 323. There was no error in the court's explanation of given charges. Tenn. A. & G. v. Rossell, 18 Ala. App. 17, 88 South. 362.

SAMFORD, J. Action in assumpsit. From a judgment for plaintiffs, defendants appeal.

[1] As all assignments of error not insisted on in brief of counsel are waived, for convenience we follow and consider questions raised as discussed in appellant's brief.

[2, 3] The defendant filed demurrers to the original complaint, which demurrers were by the court sustained. The plaintiff amended the complaint, and the demurrers were refiled, but no ruling of the court appears to have been made, and without this ruling the defendant pleaded to the complaint, in short by consent. This was a waiver on the part of the defendant as to the demurrer as refiled. Moreover, the third count conforms to the requirements of Code, § 5382, form 10, and is sufficient. Bush v. Moore, 19 Ala. App. 88, 95 South. 62.

[4, 5] Counsel for appellant correctly state the rule that no recovery can be had under a common count for money had and received when it appears that the action is founded upon the breach of an executory contract, unless nothing remains to be done by the parties to it but the payment of a sum of money. Elrod Lumber Co. v. Moore, 186 Ala. 430, 65 South. 175. In the instant case, however, if the plaintiff's evidence is believed, then nothing remained to be done but the payment of money. This was a question for the jury, and charges instructing the jury affirmatively on this question were properly refused. Starks v. Comer, 190 Ala. 245, 67 South. 440.

[6-8] It is the rule, as stated by appellant in brief, that, under a count for money had and received, a recovery can only be had for and to the extent of money or its equivalent which actually came into the hands of the defendant and which he is bound ex equo

et bono to turn over to the plaintiff. Barnett v. Warren, 82 Ala. 557, 2 South. 457; Stewart v. Conner, 9 Ala. 803. On this theory defendant requested the following charge in writing, which was refused:

"The court charges the jury that if you are reasonably satisfied from the evidence that when the plaintiffs brought the car in question back for resale, that thereafter the defendant when it sold the car did not receive more than enough to cover the reasonable expense of selling and the indebtedness on the car, you should return a verdict for defendant."

The evidence for the plaintiff was that an upset price of $2,900 had been agreed upon, at which the car was to be sold, and that the amount due from plaintiffs to defendant, as evidenced by their notes, was to remain in abeyance, and without interest. If the car had been sold at the $2,900 price as agreed, the defendant, even in the absence of an express agreement, would have been entitled to a reasonable commission for its sale; but if the defendant, in violation of agreement, sold the car for less than that amount, in making settlement as to the amount to which plaintiffs were entitled, defendant would be held to an accounting at the agreed price of $2,900, in so far as any compensation for reasonable expense for the sale of the car is concerned. In other words, according to the testimony of plaintiffs, which must be taken as true in passing on this charge, the plaintiffs and defendant agreed that the defendant was authorized to sell the car for $2,900, and not less; that the amounts due by plaintiffs to defendant, as purchase money, should be held in abeyance, without interest, until the car was sold. Whether this testimony was true or not was a question for the jury. If it is true, then defendant would only be entitled to compensation for selling the car, in accordance with the contract of agency, and if a less amount than $2,900 was received, such less amount must be deducted from such reasonable compensation found to be due defendant for its services in the sale of the car. 31 Cyc. p. 1451. The charge ignores this phase of the testimony.

[9] What has been said above applies with equal force to charge 4 requested by defendant. Where a charge ignores a material part of the evidence, it is not error to refuse it. Riddle v. Webb, 110 Ala. 600, 18 South. 323.

[10] Under one phase of the testimony, the defendant held a retention title contract for the car in question; the amount due under this contract being evidenced by certain promissory notes with conditions in the notes and contract that when any default occurred in the payment of any note, the seller could repossess the car, forfeit the contract, and retain the car, etc., that when the car was delivered to defendant, one of these notes was due and payable, that there was no agreement by defendant to sell the car at $2,900, or to hold the notes in abeyance, but defendant simply agreed to take the car and sell it to the best advantage. If these are the facts, and that is for the jury to determine, then the duty resting on defendant was to sell the car to the best advantage, deduct the amount due by plaintiffs on the contract from the amount received, deduct a reasonable expense for service in selling, and pay the balance to plaintiffs. Under this phase of the case it became a material inquiry as to the market value of the car, and the court properly gave at the request of the defendant the following charge:

"The court charges the jury that the market value of the automobile in question was not what the plaintiffs or defendant thought it was worth, or would take or pay for same, but the market value was the price, the fair price, the auto would bring in the market in its then condition."

The court, after giving this charge as requested and reading it to the jury, immediately said:

"That is, in reference to recovering for the money that was originally paid. That is what would be recovered on, that proposition of law as set out in that charge I just read you."

We recognize and adhere to the rule as stated in T. A. G. R. Co. v. Rossell, 18 Ala. App. 17, 88 South. 362, and supported by Bailum v. State, 17 Ala. App. 679, 88 South. 200, and Pizitz v. Cusimano, 206 Ala. 689, 91 South. 779.

[11] But the court may not qualify, limit, or modify such charge. Bailum v. State, supra; Acts 1915, p. 815. The trial court committed error in limiting the charge given to one phase of the evidence, when there was another phase to which it equally applied. There is no merit in the contention of appellee that proper exception was not reserved. The transcript shows that exception was "then and there" duly and legally taken.

[12] The court, at the request of the defendant in writing, gave this charge:

"The court charges the jury that under the undisputed evidence in this case, the plaintiffs are indebted to the defendant on account of the purchase price of the automobile in question the sum of $2,155."

After this charge was read to the jury, the court, in the presence of the jury, merely repeated what was written in the charge. This was not error. Assignment 17.

Assignments 18 and 20 are not properly insisted on in brief, and are waived.

What was said as to assignment 17 applies to assignment 19. When a charge on the effect of the evidence has been requested and given, the party requesting such charge cannot complain that the court repeated the charge orally. The charge as requested by

defendant was error, but it was error invited by him, and he cannot now complain.

[13] The court in its oral charge and as a part thereof said:

"It is a question under this count whether they had money in their possession that in good morals belongs to plaintiff."

The decisions say, "which ex equo et bono he has not the right to retain," and, "which in justice and good conscience the defendant ought to pay to plaintiff." 10 Mitch. Dig. p. 63, par. 1. The statement of this principle by the court was not error, or, if so, was favorable to defendant.

[14] The plaintiff was permitted to prove, over the objection and exception of defendant, that plaintiff, in the purchase of the car in suit, gave as a first payment a Willys-Knight Overland car in perfect condition and $300 in cash. This testimony was not relevant to the issue here involved and did not tend to shed any light on the transaction. The evidence was clearly inadmissible.

[15] The question as to whether the car in question was sold to plaintiffs as a new car was pertinent and relevant, as tending to show the true facts in the original transaction.

The remaining questions arising on the admission of testimony are either without error or, if technical error exists, such error was without injury.

On the motion of appellee to dismiss the appeal on account of the failure of appellant to file the transcript within 60 days from the date of taking the appeal, the appellant, by affidavit, acquits itself of any prejudicial negligence. The motion is overruled. Jacobs v. Goodwater G. Co., 205 Ala. 112, 87 South. 363.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.