(136 So. 861)

## E. T. GRAY & SONS v. RALSTON PURINA CO.
### 8 Div. 51.

Court of Appeals of Alabama.
Oct. 6, 1931.

476

J. G. Rankin, of Athens, for appellants.

Edw. Goodrich and R. B. Patton, both of Athens, for appellee.

**SAMFORD, J.**

The cause was tried on the common counts for goods, wares, and merchandise sold and delivered by plaintiff to defendant, and on a count claiming for an account due. The plaintiff's evidence tended to prove that it sold and delivered to defendant, and that defendant received, 200 sacks of chicken feed at the aggregate price of $570, the amount claimed in the several counts of the complaint; that the sale was to have been for cash, but that defendant received the feed and failed to pay the cash therefor.

It is insisted by appellant that, because the sale was to have been a cash transaction, and he failed to pay as he should have done, the plaintiff cannot recover in this action on an account as for goods, wares, and merchandise sold and delivered. It is true that, if defendant took the chicken feed without paying the cash, as agreed, he was guilty of a tort, and plaintiff might have had such an action, if he had so elected, but, where there is nothing left to be done under a contract of sale but the payment of the money due, the plaintiff may waive the tort and recover under the common counts, either for goods, wares, and merchandise sold and delivered or an account. Bush v. Moore, 19 Ala. App. 88, 95 So. 62; Montgomery County v. New Farley National Bank, 200 Ala. 170, 75 So. 918.

Over the objection and exception of defendant, plaintiff was permitted to introduce in evidence a page of its loose-leaf ledger purporting to show the account of defendant with plaintiff. This leaf was identified as a part of the original and permanent record of plaintiff's book of accounts, and contained, among other items, the item involved in this suit. The manager of plaintiff's plant testifies to the identity of the ledger leaf as being a part of the book of original entry; that the entries therein are true and just, and were made by his employee, whose duty it was to make them, under direction of witness in the usual course of business. The ledger leaves were properly admitted.

There was ample evidence upon which to base a verdict for plaintiff, and hence the

general charges on the several counts were properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.