THE COLLINS COMPANY *vs.* MARCY.

A verbal license to erect upon the land of another, an addition of a substantial character to a building, is a grant of an interest in land within the statute of frauds.

Such license is revocable at the will of the licenser, although it is a justification for entering and erecting such addition, before its revocation.

The expenditure in such erection, of money, which would be lost by the determination of such license, does not render the license irrevocable.

THIS was an action of ejectment for a parcel of land situated in the town of Canton, and was tried before the superior court for Hartford county, at the October term, 1855.

On the trial, upon the plea of the general issue, the plaintiffs claimed title to the demanded premises under a deed dated November 21st, 1834.

The defendant owned and occupied a piece of land adjoining the demanded premises, upon which he had a building occupied as a dwelling-house and store, which was located near the division line, between the land of the parties. About the year 1843 the defendant constructed an addition to said building of a substantial character, which was extended upon the land in question, for a distance of about

*seven feet.* The defendant claimed and offered evidence to prove, that before said building was extended upon the land of the plaintiffs, they gave him a verbal license to construct such addition, and that it was constructed with their knowledge and consent, and had been continued on said land with like consent, from the time when it was so constructed, until the notice to remove it hereinafter mentioned. The defendant further claimed and offered evidence to prove, that said license was unrestricted and unconditional in its terms, and that in consequence thereof, he constructed said addition to said building in a permanent and substantial manner, and at an expense of more than one thousand dollars.

The plaintiffs claimed that said license was given with a view to the erection of a temporary building only, and that the precise place of the division line not being known to them, they did not observe that the defendant's building encroached on their land until after it was completed, and that when the license was given they reserved to themselves the right to revoke it at pleasure.

It was further proved by the plaintiffs, that about six months before the commencement of the present action, they gave notice to the defendant to quit the demanded premises, and made a formal re-entry with claim of title, and that the defendant refused to vacate the same.

The defendant claimed that if the facts respecting the license and construction of said building were as claimed by him, the license could not be revoked, so as to compel the defendant to remove said building and relinquish the possession of the premises in question, and so as to enable the plaintiffs to maintain ejectment therefor; and requested the court so to charge the jury.

But the court refused to charge the jury as requested by the defendant, and instructed them, that although the license was unconditional and unrestricted in its terms, the plaintiffs might revoke and terminate the same, make a re-entry on the premises, and maintain ejectment against the defendant, unless he surrendered the possession within a reasonable time after demand.

The jury returned a verdict for the plaintiffs, and the defendant thereupon moved for a new trial, for a misdirection.

*Welles* and *Chapman*, in support of the motion.

1. The license does not convey, and does not purport to convey, an interest in land, and therefore is not within the statute of frauds.

2. The license has been executed, and money expended under it; and it is therefore irrevocable.

3. It is not necessary that the license should convey an interest in the land, to render it irrevocable.

4. Where a license is in the nature of a continuing authority, and is not exhausted as soon as exercised, there may be no difference between the substantial effect of holding it irrevocable, and admitting that an actual interest has passed to the party to whom it has been given. 2 Am. Leading Cases, p. 737, *et seq.* *Benedict* v. *Benedict*, 5 Day, 464.

*T. C.* and *C. E. Perkins*, against the motion.

1. A permission to construct a building on the land of another, is a grant of an interest in land within the statute of frauds. 11 Mass., 533. 5 Day, 464.

2. If it is given by parol, it is a mere license, revocable at the will of the licenser. 5 Day, 464. 23 Conn. R., 214.

3. The fact that the license has been executed at some expense, does not constitute an estoppel. 5 Day, 464. 23 Conn. R., 214.

4. If the defendant has any remedy, it is in chancery, and not at law. 5 Day, 464. See also 2 Gray R., 302.

STORRS, J. There can be no doubt that the right to occupy the demanded premises, with the building thereon, which the defendant claimed under the verbal license of the plaintiffs, would constitute an interest in land, and that, therefore, under the provisions of our statute of frauds, it was not conveyed to the defendant. Such license was revocable at the will of the plaintiffs, although it was a justification for what was done by the defendant under it before its revocation.

But the ground for a new trial on which the defendant mainly insists, is, that as he, by erecting his building, acted and expended his money under the license, and such expenditure would be lost by the subsequent determination of it, it was thenceforth irrevocable by the plaintiffs, on the ground that they were precluded thereby from disputing its validity as a grant. The recent case of *Foot* v. *The New Haven and Northampton R. R. Co.*, 23 Conn. R., 214, in which we had occasion to examine this precise question, is decisive against the defendant on this claim. If the defendant has any remedy, it is not at law, but in equity.

A new trial is not advised.

In this opinion, the other judges, WAITE and HINMAN, concurred.

New trial not granted.