SAVERIO LAUDANO *vs.* FANNIE LAUDANO.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 11th—decided June 18th, 1928.

*Walter J. Walsh,* for the appellant (defendant).

*Philip Pond* and *Joseph T. Anquillare,* for the appellee (plaintiff).

BANKS, J. The plaintiff purchased two parcels of real estate and conveyed them to his wife upon the express understanding and agreement that she would reconvey to him upon his request. The plaintiff's wife thereafter died, he was appointed administrator upon her estate and inventoried this real estate as a part of her estate. He then procured an order from the Court of Probate for the sale of the real estate and made return that he had sold it to Frank Laudano for $11,500. Plaintiff as such administrator conveyed the

property to Frank Laudano, his son, without consideration, and the latter immediately reconveyed it to his father, the purpose of the transaction being to place the record title in the plaintiff's name. Thereafter the plaintiff filed his administration account in the Court of Probate in which he credited himself with a claim in his favor of $11,000, which represented the value of the equity in this real estate. Upon the application of the plaintiff as administrator the Court of Probate appointed commissioners to hear his claim, who made a return allowing the claim, which was accepted by the Court of Probate. The defendant, who is a daughter of the plaintiff, appealed from the allowance of the claim to the Superior Court, but was nonsuited for failure to appear and prosecute the action in that court. The defendant then filed in the land records two instruments, described as caveats, in each of which it is stated that the defendant claims an interest as owner in the land therein described, that the same belonged to her mother and had been transferred by the administrator through a third person to the plaintiff without consideration, and that the plaintiff had no lawful claim to the property until certain pending litigation should be determined. The plaintiff brought this action to procure the removal of these so-called caveats as a cloud upon his title.

The trial court was clearly right in its conclusion that the plaintiff was entitled to a judgment declaring these instruments of no force and effect. Our law does not authorize the placing of instruments of this character upon the land records. They are neither caveats nor *lis pendens* and their presence upon the land records is not constructive notice to anyone of the facts alleged therein and could serve no purpose other than to act as a cloud upon the plaintiff's title. The plaintiff was the equitable owner of this land, although

the record title stood in his wife's name at the time of her death. Since she was the record owner, it was his duty as administrator of her estate to inventory it as a part of her estate and his doing so did not estop him to assert his equitable title. Assuming that the method adopted to procure the transfer of the record title to the plaintiff was irregular, the defendant has been in no way harmed and is in no position to complain. The plaintiff owed her no duty with regard to this property in which she never had any interest. She has not been defrauded by a transaction which effected the transfer of the record title of property to the plaintiff who was entitled to have it so transferred, and which in no way affected her rights. Her conduct in placing these instruments upon record was without justification and the plaintiff had the right to have this cloud upon his title removed.

There is no error.

In this opinion the other judges concurred.