ANNA S. BLAND *vs.* ISAAC BREGMAN ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 6th—decided June 2d, 1937.

*Aaron Nassau,* with whom, on the brief, were *Francis P. Rohrmayer* and *Louis B. Rosenfeld,* for the appellant (plaintiff).

*John W. Joy,* with whom, on the brief, was *Jacob Schwolsky,* for the appellees (defendants).

HINMAN, J. The finding states the following facts: In 1910 Hyman Bland, husband of the plaintiff, purchased premises known as Nos. 517-525 Park Street, in Hartford, the lot being fifty feet front by one hun-

dred fifty feet deep, with the building standing thereon. In 1922 the plaintiff acquired the property adjacent to her husband's land on the west, known as Nos. 531-535 Park Street, the lot being fifty feet front and two hundred and three feet, more or less, deep. In 1923 she erected a brick garage fifty feet wide by one hundred fifty feet long on the rear of her lot. The construction of this garage was under the supervision of the plaintiff's husband who acted therein as her agent "and such acts as were done by him were done with her authority and consent." He considered that this garage was so located as to cover the entire width of his wife's property up to the east line thereof.

In 1925, the husband, Hyman Bland, constructed a garage in the rear of the premises 517-525 Park Street, then owned by him, in such a manner that the east wall of the plaintiff's garage served as the west wall of his garage, the north and south walls of the latter were attached thereto, and the roof was supported by two pilasters built against the face of the east wall of the plaintiff's garage. "At all times subsequent to 1922, when the plaintiff acquired her property, both properties were managed by the plaintiff's husband and . . . used as if they were jointly owned" up to the time, in 1933, when the defendant Nirenstein acquired the Hyman Bland premises through foreclosure of a judgment lien and subsequently conveyed an undivided one-half interest therein to the defendant Bregman. The plaintiff seeks by way of correction, but is not entitled to, a finding that she did not know, until 1933, of her husband's use of the wall of her garage in connection with his own building. This is not only not an admitted or undisputed fact but the circumstances revealed by the evidence are persuasive to the contrary. The other claimed corrections are

not justified or are immaterial, in our view of the case.

The trial court held that the plaintiff had failed in her attempt, by evidence of an engineer, a map made by him, and the location of a division fence, to establish the line which she claimed as the boundary between the two properties, but, without determining whether or not any part of the defendants' garage encroached on the plaintiff's land, reached the conclusion that "Even though it be true that the pilasters and part of the walls . . . are on the plaintiff's property, the plaintiff is estopped from claiming the relief she seeks." We are unable to discover in the facts found a justification for this conclusion. It appears to be based upon the considerations that the two properties were managed by the husband as if they were jointly owned and that the plaintiff is chargeable with the acts of her husband as her agent done generally with her knowledge and consent. These factors are not inconsistent with the construction which we place upon the situation as one of license, nor are they sufficient to create an estoppel.

The situation as to management of the two properties, as between Bland and his wife, and the circumstances of the erection by Bland of the garage on his own property, as revealed by the finding, indicate that his utilization of the east wall of his wife's, the plaintiff's, garage as the west wall of his own building is properly to be regarded as under a license on her part permitting him to do so. Such a license, while affording justification for what is done under it while it remains in effect, was not effective to convey an interest in the land and was revocable at the will of the licensor, even although the licensee has expended money under the license. *Brower* v. *Wakeman,* 88 Conn. 8, 13, 89 Atl. 913; *Collins Co.* v. *Marcy,* 25 Conn. 239, 241; *Foot* v. *New Haven & Northampton Co.,* 23

Conn. 214, 223; *Prince* v. *Case,* 10 Conn. 375, 379; *Ely* v. *Cavanaugh,* 82 Conn. 681, 684, 74 Atl. 1122; *Keeling* v. *Kuhn,* 19 Kans. 441, 443; *Home Investment Co.* v. *Iovieno,* 243 Mass. 121, 137 N. E. 382; 17 R. C. L. 583. It does not appear that there was any consideration for the license, or that it was to continue for any definite period, or that there were any other stipulations by which the parties were bound to each other or which either of them could enforce against the other. *Branch* v. *Doane,* 17 Conn. 402, 412. "An oral license to do any act on the land of another does not trench upon the policy of the law, which requires that contracts respecting any title or interest in real estate shall be by deed or in writing. It gives the licensee no estate or interest in the land. It excuses acts done which would be trespass, or otherwise unlawful. It is revocable, not only at the will of the owner of the property on which it is to be exercised, but by his death, by alienation or demise of the land by him, and by whatever would deprive the original owner of the right to do the acts in question, or give permission to others to do them." *Hodgkins* v. *Farrington,* 150 Mass. 19, 21, 22 N. E. 73. The plaintiff, therefore, had the right to revoke the license and terminate the privileges exercised under it.

" 'For the application of the doctrine of equitable estoppel, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence on his part as amounts to constructive fraud, by which another has been misled to his injury. Where the estoppel relates to the title of real property, it is essential to the application of the doctrine, that the party claiming to have been influenced by the conduct or declarations of another was himself not only destitute of knowledge of the true state of the title, but also of

any convenient and available means of acquiring such knowledge. Where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there is no estoppel.' " *Monterosso* v. *Kent,* 96 Conn. 346, 350, 113 Atl. 922, quoting *Brant* v. *Virginia Coal & Iron Co.,* 93 U. S. 326; see also *Hillhouse* v. *Duca,* 101 Conn. 92, 106, 125 Atl. 367; 2 Pomeroy, Equity Jurisprudence (4th Ed.) § 807. It is clear that as between the plaintiff and her husband, the defendants' predecessor in title, the latter had knowledge or means of it at least equal to the plaintiff. Therefore Bland had no right to invoke an estoppel against the plaintiff on which the defendants might rely. *Townsend Savings Bank* v. *Todd,* 47 Conn. 190, 218; *Hartford Realization Co.* v. *Travelers Ins. Co.,* 117 Conn. 218, 227, 167 Atl. 728. As to the defendants themselves, even though the finding is not susceptible of correction, as the plaintiff requests, to the effect that both had actual knowledge of the real situation before acquiring title, the finding discloses nothing done by or on behalf of the plaintiff to mislead them; it does not appear even that she came in contact with them.

The trial court was in error in concluding that the plaintiff is estopped from claiming relief. That conclusion obviated a ruling, on the trial, upon the further question as to whether injunction is a proper remedy, but as it has been argued by the parties and may arise upon a retrial, we consider it here. The remedies open to the owner of land when a license for encroachment or the like has been revoked are largely dependent upon the circumstances, the equities between the parties, and the end sought to be attained. 17 R. C. L. p. 590. Injunction is available in a suitable case, and will ordinarily issue at the suit of a landowner to compel the removal of encroachments. 1 Amer. Jur.

p. 515. See *Norwalk Heating & Lighting Co.* v. *Vernam,* 75 Conn. 662, 55 Atl. 168; *Geragosian* v. *Union Realty Co.,* 289 Mass. 104, 193 N. E. 726, 96 A. L. R. 1282, and note, p. 1287; 31 A. L. R. 1302; 17 A. L. R. 833. The right to this remedy extends, in appropriate cases, to structures erected or privileges exercised under a license, upon revocation thereof. See cases annotated, 38 A. L. R. p. 1138. The complaint alleges that the garage of the defendants is built in such a manner that a portion of the building projects over and upon land of the plaintiff, also that it has no westerly wall and "the defendants are using in place of their own wall the easterly wall of the plaintiff's garage" and in such use have tied joists and columns into it. The prayer is for an injunction "restraining the defendants . . . from making use of the wall of the plaintiff's property for the purposes [so] alleged." Upon proof that the east wall of the plaintiff's garage is located on her own land and that portions of the defendants' garage—such as side walls, roof, pilasters or parts thereof—project over or upon that land, an appropriate remedy would be an injunction requiring the defendants, within such time as the court finds reasonable, to remove such encroaching portions. *Brower* v. *Wakeman,* 88 Conn. 8, 14, 89 Atl. 913. So far as those portions were found to be connected with the plaintiff's wall, the use of that wall for those purposes would thereby be terminated.

There is error and a new trial is ordered.

In this opinion the other judges concurred.