Defendant Bank of Boston Connecticut (hereinafter BKBCT) moves to strike the complaint as to BKBCT and Capital West Associates, Limited Partnership, (hereinafter CWA), which motion was joined in by CWA at the argument.
The complaint alleges a mortgage by defendant Chicago Ventures, Limited Partnership (hereinafter CVLP) to plaintiff dated November 2, 1988. It also alleges that CWA "may claim a personal, revocable, unassignable, possessory privilege in said premises by virtue of a Notice of Parking License Agreement by and between CVLP and CWA dated December 30, 1986 and recorded December 31, 1986 in Volume 2530 at Page 80 of the Hartford Land Records. Said possessory privilege, if any, is subsequent to that of plaintiff being foreclosed herein." The complaint also alleges BKBCT may claim a similar possessory privilege by virtue of a Collateral Assignment of the aforesaid license agreement which Collateral Assignment is dated December 30, 1986 and recorded December 31, 1986 in Volume 2530 at Page 84 of the Hartford Land Records.
The bases of the motion to strike are: (1) the license agreement is a personal property interest rather than a real property interest and so not subject to foreclosure; (2) the interests of CWA and BKBCT are prior in right to plaintiff's mortgage.
Plaintiff concedes it has no right to foreclose the license interests of CWA and BKBCT, but asserts that CWA and BKBCT have been made party defendants "solely to enable Advest to secure exclusive possession of the subject premises by dispossessing BKBCT and CWA by execution of ejectment pursuant to Conn. Gen. Stats. 49-22." The cited statute does require that a possessor of land whom a foreclosing plaintiff intends to eject must be made a party in the foreclosure action.
Plaintiff goes further and asserts that 49-22a means that CT Page 5476 "those with any possessory interest who are named in the complaint may be ejected irrespective of when their possessory rights arose." Plaintiff cites Caron, Connecticut Foreclosures, Section 4.04D for this proposition. That is a gross misreading of Caron as applied to this case. That section rather provides only tenants, "without benefit of a recorded lease can be made defendants and thereby subject to the judgment of possession, regardless of whether or not their possession predated the effective date of the interest being foreclosed." (Emphasis added.)
Here the complaint alleges the parking license agreement and collateral assignment were recorded on the Hartford land records. Moreover, they were recorded before plaintiff's mortgage. Caron clearly states at 4.04D that recorded leases establish a lessee's priority as of the date of recording; lessees whose leases are recorded before the mortgage foreclosed upon should not be made parties; those whose leases are recorded after the mortgage may be made parties if plaintiff wants possession. That is an accurate statement of the law.
Plaintiff further argues that a license in real property is a privilege to do specified acts on the land, revocable at the will of the owner (citing State v. Allen, 216 Conn. 367, 380 (1990) and quoting Bland v. Bregman, 123 Conn. 61, 65 (1937), also revocable "by his death, by alienation or demise of the land by him and by whatever would deprive the original owner of the right to do the acts in question or give permission to others to do them." Relying on Bland and Small Business Investment Co. v. Cavallo,188 Conn. 286, 288-89 (1982) plaintiff asserts the foreclosing of CLVP's title in this foreclosure procedure will automatically extinguish the possessory interest of CA and/or BKBCT by operation of law.
There is no merit to these assertions. First of all they are not supported by the authorities cited. Bland deals with an oral lease and the above quote from Bland refers to an oral lease. Here, we have a written and recorded license agreement. Small Business Investment involves a mortgagor being foreclosed, and simply holds that when a mortgagor holds over after title vests in the foreclosing mortgagee, the mortgagor is a tenant at sufferance and obligated to pay reasonable rent.
Second, the law is that a lease, or, as here, a parking license agreement, recorded before plaintiff's mortgage and still in force and effect, is not terminated by the lessor's loss of title in foreclosure. Rather, the plaintiff mortgagee accepted its mortgage knowing of the prior recorded agreement, and acquires title in foreclosure subject to that agreement.
Finally, plaintiff argues that because a license is a privilege as CT Page 5477 to the land, without conveying a title interest in the land, the recording of the notice of the license agreement does not give priority of the agreement over the plaintiff's subsequently recorded mortgage. While it is true that the fact of recording certain specious caveats or claims cannot affect title, Laudano v. Laudano,108 Conn. 37, 39 (1928), here the parking license agreement gives rise to a possessory interest in the subject premises, as alleged in plaintiff's complaint, and so is properly recordable on the land records and entitled to the priority based on its recording.
The court concludes plaintiff has failed to state a valid claim that it has a right to foreclose the parking license agreement and collateral assignment of it. Both instruments are recorded before plaintiff's mortgage. Plaintiff has failed to establish that it has a right to make CWA or BKBCT parties in order to obtain a judgment of ejectment against them. The license agreement is not unilaterally revocable by plaintiff, nor by plaintiff foreclosing upon defendant CVLP. The license agreement is akin to a lease and having been recorded prior to plaintiff's mortgage, is not subject to foreclosure in this action and defendants CWA and BKBCT are not subject to ejectment by plaintiff.
The motion to strike plaintiff's claims in its complaint against defendants CWA and BKBCT is granted.