[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 19, 1991, the plaintiff, FDIC,[1] filed a complaint against the defendants, Samuel J. LaMonico and Dora LaMonico, alleging in the first count that the defendant Samuel LaMonico defaulted on a promissory note issued to him on March 9, 1989, by Whitney Bank Trust Company ("Whitney"). (See Plaintiff's Complaint, First Count, paras. 1, 4, 6). The second and third counts of the plaintiff's complaint allege that the defendant Samuel LaMonico defaulted on two other promissory notes issued by Whitney. The fourth count alleges common law fraudulent conveyance against both defendants, and the fifth count alleges statutory fraud pursuant to General Statutes52-552.
On August 22, 1991, the defendants filed an Answer, Special Defenses and Counterclaim. Therein the defendants raise nineteen special defenses and a CUTPA counterclaim pursuant to General Statutes 42-110a. The plaintiff moves to strike various special defenses and the counterclaim. On June 16, 1992, the defendants filed a memorandum in opposition to the motion.
A motion to strike filed pursuant to Practice Book 15 challenges the legal sufficiency of the pleading; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); and is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aeta Life Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988). Where the motion to strike is directed at an entire complaint, the motion "`must . . . fail in any of the plaintiff's claims are legally sufficient.'" Whelan v. Whelan, 41 Conn. Sup. 519, 520, ___ A.2d ___ (1991), quoting Doyle v. A P Realty Corp., 36 Conn. Sup. 126, 127, 414 A.2d 20
(1980). In determining the legal sufficiency of the pleading, the trial court may not look beyond the pleading for facts not alleged therein. Cavallo v. Derby Savings Bank, 188 Conn. 281,285-86, 449 A.2d 986 (1982).
First and Eleventh Special Defenses
The defendants' first special defense alleges that the CT Page 8620 plaintiff[2] negligently failed to make a reasonable inquiry and "knew, or in the exercise of reasonable care should have known that said Samuel J. LaMonico could not repay same." The eleventh special defense incorporates the first special defense and adds that the plaintiff's negligence bars the plaintiff from "setting aside the conveyance to the defendant, Dora LaMonico. . . ."
The plaintiff seeks to strike both special defenses on the ground that a banking institution does not owe a duty or financial inquiry to borrowers with whom it contracts to loan money.
Although the Supreme Court has held that banking institutions owe a duty of good faith and fair dealing to parties with whom they contract; Connecticut Bank and Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 782-83, 595 A.2d 334
(1991); see also, Rhode Island Hospital Trust v. Martin Trust, 6 Conn. L. Rptr. No. 3, 75, 76 (March 23, 1992, Burns, J.) ("[a] claim for breach of good faith may be alleged in the context of a lender-borrower relationship"), no Connecticut Appellate Court has ruled that lender institutions owe a duty of financial inquiry to borrowers. See Connecticut National Bank v. Anderson,6 CSCR 43 (November 4, 1991, Pickett, J.) (there is no legal duty in Connecticut that requires a lender to investigate a borrower's financial solvency).
The defendants' first and eleventh special defenses alleges that the plaintiff "negligently" loaned money to the defendants insofar as the plaintiff "knew or . . . should have known, that . . . Samuel J. LaMonico could not repay [the loan]." Since Connecticut does not impose a duty of financial inquiry upon lenders, the defendants are barred from asserting breach of such a duty as the basis for their special defenses. Therefore the first and eleventh special defenses are stricken as legally insufficient.
Second Special Defense
The defendant Samuel J. LaMonico raises as his second special defense that the plaintiff's claims are barred by the plaintiff's negligent failure to secure satisfactory collateral when it loaned money to the defendant. The plaintiff moves to strike the second special defense, contending that Connecticut law does not impose a duty upon lenders to obtain adequate collateral.
Research has revealed no case which holds that a lender owes a duty to obtain adequate collateral in the absence of a contractual provision specifically imposing such a duty. See Connecticut National Bank v. Anderson, supra, 60 (lenders do no CT Page 8621 owe duty of financial inquiry to borrowers). The second special defense does not allege breach of a contractual provision which might impose such a duty where the law otherwise would not, and therefore, the second special defense is legally insufficient and is stricken.
Third and Thirteenth Special Defenses
The third and thirteenth special defenses allege equitable estoppel as a basis for barring the plaintiff's claims against both defendants. Specifically, the third special defense alleges that the plaintiff is:
 estopped from collecting the sums claimed against the defendant Samuel J. LaMonico, by the negligence [of the plaintiff] in loaning sums of money . . . when it knew . . . or should have known, that he could not have repaid said sums, and in that [the plaintiff] failed to get adequate assurances, collateral and/or security for the repayment. . . .
The thirteenth special defense incorporates the foregoing allegations to bar the plaintiff's claims against Dora LaMonico.
Estoppel requires two main allegations: first, that the party against whom estoppel is asserted acted in a deceptive or misleading manner, and second that such deceptive conduct induces another person to rely upon misleading information to that person's detriment. Novella v. Hartford Accident Indemnity Co., 163 Conn. 552, 563, 316 A.2d 394 (1972); Bland v. Bregman,123 Conn. 61, 65, 192 A.2d 703 (1937). Thus, mere negligence is insufficient to satisfy the defense of estoppel. Azizi v. Thornburgh, 719 F. Sup. 86, 98 (D.Conn. 1989), aff'd. 908 F.2d 1130,1136 (2d Cir. 1990). The third and thirteenth special defenses do not allege any deceptive intention on the part of the plaintiff, or reliance by the defendants as a result thereof. The defenses are legally insufficient and are stricken.
Fourth and Fourteenth Special Defenses
The defendants assert waiver as their fourth and fourteenth special defenses, alleging that the plaintiff's negligent failure to obtain adequate collateral constitutes a waiver of any collection rights the plaintiff may have had against the defendants. The plaintiff moves to strike these special defenses on the ground that waiver requires intent and cannot be derived from negligent conduct.
Waiver is "the intentional relinquishment of a known right." CT Page 8622 Harlach v. Metropolitan Property Liability Ins. Co., 221 Conn. 185,192-93, ___ A.2d ___ (1992); Goldberg v. Corporate Air, Inc., 189 Conn. 504, 510, 457 A.2d 296 (1983); Novella v. Hartford Accident Indemnity Co., supra, 562. Waiver need not be expressed, however, and where the conduct and circumstances of the parties demonstrate that waiver was intended, the court may conclude that a waiver is implied by law according to principles of equity. Loda v. H.K. Sargent Associates, Inc., 188 Conn. 69,76, ___ A.2d ___ (1982); Novella v. Hartford Accident 
Indemnity Co., supra, 562-63. In the case of implied waiver, therefore, "the elements of an estoppel almost invariably appear, . . ." since both remedies derive from "the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong." Novella v. Hartford Accident Indemnity Co., supra, 564-65. See also Harlach v. Metropolitan Property Liability Ins. Co., supra, 193 ("`no one shall be permitted to deny that he intended the natural consequences of his acts and conduct'") (Citation omitted.)
The defendant's fourth and fourteenth special defenses assert merely that the plaintiff "negligently" failed to acquire reasonable collateral to secure Samuel LaMonico's loan. Neither of these special defenses allege an intention on the part of the plaintiff either implied or express, to waive all rights of collection against the defendants in the event Samuel J. LaMonico defaulted on the loan. Since the defendants fail to allege that the plaintiff's right of recourse in the event of default was conditioned by the plaintiff's obligation to procure adequate collateral, the mere failure to procure such collateral is an insufficient basis upon which to assert a waiver defense. Therefore both special defenses are stricken.
Fifth Special Defense
The defendants' fifth special defense combines allegations set forth in the third and fourth special defenses, asserting both estoppel and waiver as ground for barring the plaintiff's claims. The defendants move to strike the fifth special defense for the reasons previously enunciated with regard to the third and fourth special defenses. Since the defendants' fifth special defense merely restates the third and fourth special defenses it is stricken as legally insufficient for the same reasons previously stated with regard to the third and fourth special defenses.
The defendant Dora LaMonico asserts in the sixth special defense that the plaintiff's claim for fraudulent conveyance is barred by the fact that Samuel J. LaMonico originally received the subject property from Dora LaMonico as a gift for no consideration, and further, Dora LaMonico at all times has CT Page 8623 remained the equitable owner of the premises. The plaintiff moves to strike the sixth special defense on the ground that it may not be asserted against the plaintiff. In particular, the plaintiff contends that the sixth special defense may only be asserted against the defendant Samuel J. LaMonico.
The sixth special defense challenges the plaintiff's right to recovery against Dora LaMonico by asserting equitable title as a basis for rebutting the plaintiff's fraudulent conveyance claim. The allegations of the sixth special defense raise questions of fact concerning the disputed transfers of realty, and therefore, any analysis of their legal sufficiency would require consideration of facts outside the pleading. Since the sixth special defense challenges the factual basis of the plaintiff's claim for fraudulent conveyance, it is not improper and the plaintiff's motion to strike is therefore denied.
Seventh Special Defense
In the seventh special defense, the defendant Dora LaMonico asserts that the plaintiff's fraudulent conveyance claim is barred by the constructive trust defense. The defendant Dora LaMonico realleges lack of consideration and equitable ownership of the disputed premises as a basis for claiming the existence of a constructive trust relationship with Samuel J. LaMonico. The plaintiff has moved to strike this special defense for the same reasons used to challenge the sufficiency of the sixth special defense.
The seventh special defense properly raises issues of fact concerning the nature of the disputed realty transfer which, if proved in the defendants' favor, would defeat the plaintiff's fraudulent conveyance claim. Therefore, like the sixth special defense, the seventh special defense is legally sufficient and the plaintiff's motion is denied.
Eighth Special Defense
The defendant Dora LaMonico asserts in the eighth special defense that the disputed property transfer constituted a "revocable gift," and therefore, the plaintiff's fraudulent conveyance claim is barred. The plaintiff moves to strike this special defense for the same reasons cited with regard to the sixth special defense.
The analysis provided with regard to the sixth and seventh special defenses applies to the eighth special defense and, therefore, the plaintiff's motion to strike the defendant's eighth special defense is denied.
CT Page 8624 Twelfth Special Defense
In the twelfth special defense the defendant Dora LaMonico restates the assertions set forth in the first and second special defenses. The plaintiff moves to strike the twelfth special defense on the ground that, for the reasons enunciated with regard to the first and second special defenses, it is legally insufficient. The reasoning adopted with regard to the first and second special defenses applies to the defendant's twelfth special defense, and therefore, the plaintiff's motion to strike is granted.
Fifteenth Special Defense
In the fifteenth special defense, the defendant Dora LaMonico combines the allegations of the first, second, third, fourth and fifth special defenses. The plaintiff moves to strike the fifteenth special defense for the reasons previously stated with regard to the first, second, third, fourth and fifth special defenses. Since the fifteenth special defense merely restates special defenses which are legally insufficient for reasons outlined previously, the plaintiff's motion is granted.
Eighteenth Special Defense
In the eighteenth special defense, the defendant Dora LaMonico asserts the doctrine of unclean hands as a bar to the plaintiff's fraudulent conveyance claim. The plaintiff moves to strike this special defense on the ground that it alleges merely legal conclusions unsupported by facts. The eighteenth special defense is stricken, — as it alleges the doctrine of unclean hands without stating any facts by which the doctrine may be proven to apply in the present case. The defendant states no factual circumstances surrounding the loan transaction which might support a finding of unclean hands, nor does the defendant allege any wrongful conduct which might provide the court with a basis for invoking the equitable remedy.
Since legal conclusions unsupported by facts do not constitute legally sufficient claims or defenses, the plaintiff's motion to strike is granted. See Mora v. Aetna Life Casualty Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Nineteenth Special Defense
The defendants assert as their final special defense the equitable doctrine of laches to bar the plaintiff's claims. The plaintiff moves to strike the nineteenth special defense on the ground that it fails to allege any facts to support its legal conclusion. The defendants' nineteenth special defense fails to CT Page 8625 allege any factual predicate upon which the defense of laches may be based. A pleading which alleges merely legal conclusions unsupported by facts will not survive a motion to strike. See Mora v. Aetna Life Casualty Co., supra, 211. Therefore, plaintiff's motion to strike is granted.
Defendant Dora LaMonico's Counterclaim
The defendant Dora LaMonico alleges in her counterclaim to the plaintiff's complaint that the plaintiff violated CUTPA General Statutes 42-110a, by filing the fraudulent conveyance claim against her.
The plaintiff moves to strike the defendant's counterclaim on the ground that "the filing of a single non-sham lawsuit cannot form the basis of a claim under CUTPA," citing Suburban Restoration Co., Inc. v. ACMAT Corp., 700 F.2d 98, 102 (2d Cir. 1983).
The plaintiff's motion depends upon facts outside the record, in that it cannot be determined from the face of the pleading whether the claim filed by the plaintiff constitutes a "sham" lawsuit within the holding of Suburban, supra. Therefore, the plaintiff's motion to strike the defendant's counterclaim is denied. See Cavallo v. Derby Savings Bank, supra, 285 (court may not look beyond the pleadings in determining a motion to strike).
The plaintiff's motion is granted as to the first, second, third, fourth, fifth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, eighteenth and nineteenth special defenses. The plaintiff's motion is denied as to the sixth, seventh and eighth special defenses and the counterclaim alleging a CUTPA violation.
Howard F. Zoarski, Judge