[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Suzanne Olechnicki, town clerk of the town of Enfield, moves to strike the Third Count of plaintiff's complaint and plaintiff's claim for triple and punitive damages. That count alleges that Olechnicki failed in her duty to record a document entitled ELEVENTH SUPPLEMENT TO THE COMPLAINT AND DISCLAIMER OF UNLAWFUL MARSHAL'S DEED OF ENFIELD PROPERTY. That supplement alleges Forty Second and Forty Third Counts in an action brought by plaintiff against The Hartford Courant, Judge Peter Dorsey, Enfield Town Council, Congresswoman Nancy Johnson, Senators Christopher Dodd and Joseph Lieberman, President Bush and others. The Forty Second Count alleges a marshal's deed executed by William C. Anderson to the United States Government of plaintiff's land in Enfield is null and void and the Forty CT Page 6096 Third Count alleges defendant Anderson and six others assaulted, kidnapped and terrorized plaintiff and his wife.
The defendant Olechnicki asserts as the ground for her motion to strike that she has no duty to record the document submitted to her by plaintiff.
Connecticut General Statutes 7-24b requires a town clerk to record "all instruments required by law to be recorded."
In general, Connecticut is a title-recording state. The land records serve the important function of permitting title to real property to be "easily and accurately traced, thus preventing fraud and adding greatly to the security of land titles." Sadd v. Heim, 143 Conn. 582, 585 (1950). A corollary is that "nothing should be allowed to weaken the effectiveness of that system of records . . . To act otherwise would invite chaos." Wilson v. DeGenaro, 36 Conn. Sup. 200,207 (1979).
In Landano v. Landano, 108 Conn. 37 (1928) plaintiff sought to remove from the land record documents, described as caveats, filed by his daughter. They claimed that the daughter had interest in real property through her mother and that plaintiff had no lawful claim until pending litigation was resolved. The court held, (at page 39).
 "Our law does not authorize the placing of instruments of this character upon the land records. They are neither caveats nor lis pendens and their presence upon the land records is not constructive notice to anyone of the facts alleged therein and could serve no purpose other than to act as a cloud upon the plaintiff's title."
Similarly, plaintiff's ELEVENTH SUPPLEMENT TO THE COMPLAINT falls into no category that authorizes it being recorded. It does not qualify as a lis pendens within the meaning of 52-325, because it does not contain the "nature and object of the action, . . . the term, session or return date thereof, the date of process and the description of the property." It does not qualify as an affidavit of facts relating to title or interest in real estate, within the meaning of 47-12a, because it is not sworn to before a CT Page 6097 notary and does not include a description of the land and the record owner thereof. It does not qualify as a notice of claim, within the meaning of 47-33f, because it is not "duly verified by oath," does not "contain accurate and full description of all land affected by the notice" (47 — 33g), and in any event, such notice cannot affect "any interest of the United States" (47-33h) which plaintiff's document claims to do.
Thus this court concludes that because defendant Olechnicki had no duty required by law to record plaintiff's ELEVENTH SUPPLEMENT, plaintiff's Third Count fails to allege a cause of action against her. Accordingly, the motion to strike that count is granted. Also because plaintiff alleges no statutory cause of action that would allow triple damages, his claim for such damages is stricken; likewise because plaintiff alleges no wanton, wilful or malicious conduct on the part of Olechnicki, plaintiff's claim for punitive damages is stricken.
Robert Satter, State Trial Referee